Pitman vs. Lowe,

Jesse Pitman, plaintiff in error, vs. Jacob Lowe, Adm'r., defendant in error.

Courts will not allow judgments to be amended by parol proof, particularly if the judgment has been satisfied, and much time has intervened since it was rendered.

Motion to enter judgment *Nunc pro tunc*, from Crawford. Decision by Judge Powers. September Term, 1857.

At September Term, 1857, of Crawford Superior Court, Jesse Pitman moved for a rule against Jacob Lowe, administrator of Allen Marshall, deceased, to shew cause why he (Pitman) should not enter a judgment *nunc pro tunc*, for the interest upon a verdict obtained by him at August Term, 1850, against said Lowe, as administrator aforesaid.

Respondent showed for cause, that he had paid to said Pitman, on the 10th Oct., 1855, one hundred and twenty-three dollars and sixty-nine cents, in full of the *fi. fa.* issued on said judgment and verdict.

Pitman tendered and read in evidence the note upon which said verdict and judgment were rendered, as follows :

" $200.   By the 25th December, 1846, I promise to pay Jesse Pitman, or bearer, two hundred dollars, for value received.   August 6, 1845.

[Signed]                    ALLEN MARSHALL.

Endorsed—" Rec'd. on the within note fifty dollars, this January 12th, 1847."

He further offered in evidence the declaration sued out on said note, returnable to May Term, 1847, of the Inferior Court of said county.   Also the plea of set-off filed by defendant, and the verdict rendered by the jury who tried the case on the appeal, finding for the plaintiff $91.80, with interest and cost of suit, with the judgment entered thereon, as follows :

" Superior Court, August Term, 1850.   Whereupon it is considered by the Court that the plaintiff do recover of the

Pitman vs. Lowe.

defendant the sum of ninety-one dollars and eighty cents for principal debt, and the sum of ——— dollars and ——— cents, for interest, to ———, and the further sum of ——— dollars and ——— cents for cost," &c.

Whereupon the Court held that Pitman was only entitled to interest from the date of the judgment, and which amount had been paid and the judgment satisfied, and counsel for Pitman excepted.

The Court further held, that if interest was not to be calculated upon said verdict, from its date, it was void for uncertainty, as no time was designated by said verdict, from which interest was to be computed. To which ruling counsel for Pitman excepted.

Pitman then offered to prove by witnesses, what was proven on the trial of the case, relative to the set-off pleaded by Marshall. The Court rejected the testimony and discharged the rule, and counsel for Pitman excepted, and thereupon tendered his bill of exceptions, assigning as errors the ruling and decisions above excepted to.

SAML. HALL, for plaintiff in error.

G. R. HUNTER. *contra.*

*By the Court*—LUMPKIN J., delivering the opinion.

This was not a motion to enter a *nunc pro tunc* judgment, but to amend the judgment by inserting interest, or rather the time from which interest should be computed. And this could only be done by explaining, by parol testimony, how the jury ascertained the amount of principal which they found to be due, and thereby fix the time when it became due.

We think the Court was right in rejecting this proof.

It is going very far, to allow a verdict to be amended by the declaration; and the judgment by both writ and verdict.

Beyond this, the Courts should refuse to go, particularly after the judgment has been satisfied and much time has elapsed.

Judgment affirmed.