THE ATLANTA AND RICHMOND AIR LINE RAILWAY COM-PANY, plaintiff in error, *vs.* JANE M. AYERS, defendant in error.

1. A workman employed by a railroad company to do the work of an ordinary laborer on its track, and who is injured while he is being carried on a train of the company from the place of his work to the camp where he stays at night, comes within the provisions of sections 2083 and 3034 of the Code, so far as his right to recover damages for the injury, is affected by the question of negligence on his part.

2. Though in such a case the company or its agents may be guilty of negligence, yet if the injured party could have avoided the consequences to himself of that negligence by the exercise of ordinary diligence, he is not entitled to recover.

3. If it appears that both parties were guilty of negligence, and that the person injured could not by ordinary care and diligence have avoided the consequences to himself of the negligence of the company or its agents, he may recover, but the jury should lessen the damages in proportion to the negligence and want of ordinary care of the injured party.

4. The rule given in the case of the *Macon and Western Railroad Company vs. Johnson*, 38 *Georgia*, 408, for estimating damages where a suit is brought by a widow for the homicide of her husband, and no fault is proven on the part of the deceased, is affirmed. But the amount that such a rule would give should be lessened in proportion to the contributory negligence of the husband in causing his death.

5. Under the evidence in this case, it was error in the court, when requested by the defendant to charge as to the doctrine of contributory negligence, to say in the hearing of the jury that "it did not apply to this case." The defendant was entitled to a charge on that question, and when the attention of the court was called to it, the law on that subject should have been given. The remark of the court was, in effect, a denial of the right of the jury to consider it.

Railroads. Master and servant. Husband and wife. Damages. Charge of Court. Before Judge RICE. Hall Superior Court. March Term, 1874.

Jane M. Ayers brought case against the Atlanta and Richmond Air Line Railway Company for $10,000 00 damages, alleged to have been sustained by her by reason of the killing of her husband through the culpable negligence of the defendant. The general issue was pleaded.

The evidence made, in brief, the following case: On or about May 24th, 1871, Alvin D. Ayers, the husband of the plaintiff, was in the employ of the defendant as a track-raiser, for which services he received from $1 00 to $1 25 per day. The hands with whom he worked were stationed at Flowery Branch, a depot on defendant's road. On the day on which Ayers was killed, he, together with the other hands, had been at work about four miles from the above mentioned depot. At sunset, the gravel or construction train, stopped at this point for the hands to get on to be carried back to the aforesaid depot, as it was too far for them to walk before dark. When this train approached Flowery Branch, the signal "on brakes" was given and the speed slackened. All the of hands jumped off except Ayers. Some one cried out allright, and the signal of "off brakes" was sounded. The deceased was then suspended between two cars, about to jump off, with his hands resting upon their ends. As the train started forward, the interval between the two cars was extended, causing him to fall upon the track, where he was cut to pieces by the wheels. He left a widow and two children, one a boy, eight years old, the other a girl, about six. He left no property, except personalty of the value of $100 00.

His family was entirely dependent upon him for a support. He was about thirty-five years of age. The testimony is conflicting as to whether the train was completely stopped or not at Flowery Branch.

The evidence introduced was voluminous. It is omitted, as the above statement will render clear the errors assigned upon the charge of the court.

The jury returned a verdict for the plaintiff for $3,000. 00. The defendant moved for a new trial upon the following grounds, to-wit:

1st. Because the verdict was contrary to the evidence and the charge of the court.

2d. Because the court erred in charging the jury as follows: " In this case, if the jury find, from the evidence, that the railroad train on which Alvin D. Ayres was a passenger, was stopped in order that he and the other passengers might get off, yet, if the railroad train was started on before he had time to get off, and he was placed under the necessity of attempting to get off while the train was in motion, rather than be carried away from the place where he was to be put off, and in attempting to get off, while the cars were thus in motion, he was injured or killed, then the defendant would be liable in consequence of a want of proper and reasonable care and diligence with respect to Alvin D. Ayres."

3d. Because the court erred in this, that when requested to charge in reference to the contributory negligence of the deceased, the presiding judge said, in the hearing of the jury, " it did not apply to this case."

To the motion the judge attached the following notes:

The second ground omits a material portion of the charge which is necessary to an understanding of that portion which is set out. It was as follows: " It is not only the duty of a conductor or manager of a railroad train to stop, that its passengers may get off, but it is his duty to stop long enough for its passengers to get off and to see that they are off before he moves forward on the road." Then follows the portion of the charge set out in the motion.

The words excepted to in the third ground were only the reply of the court to a verbal request of counsel to charge as indicated, and which request was made after the court had concluded its instructions; which, in its opinion, covered all the principles involved in the case.

The motion was overruled, and defendant excepted.

J. N. DORSEY; J. B. ESTES; J. F. LANGSTON; E. M. JOHNSON, for plaintiff in error.

J. N. GLENN; PEEPLES & HOWELL; S. C. DUNLAP, for defendant.

TRIPPE, Judge.

1. The old rule that the employer is not responsible to an employee for damages which the latter has sustained, on account of the negligence of a fellow-servant, has been abolished in this state. Section 2083 of the Code puts employees on the footing of passengers. A passenger may recover when he may be at fault, but the damages shall be diminished by the jury in proportion to the amount of default attributable to him: Section 3034. Then comes the provision in section 3036, which has been construed in 35 *Georgia*, 105, to mean that if the employee is guilty of fault or negligence, he cannot recover at all. Even under the old common law rule, as stated above, it has been a question, with conflicting decisions upon it, whether a person sustaining the relation to the railroad company which the deceased did in this case, when he was injured, could maintain an action, that is, did he stand in the relation of a co-servant to the negligent servant by whose fault it is alleged he received the injury. For there is strong and respectable authority, holding that such a relation as that of co-servant just stated, must exist before the injured servant can be denied the protection of the maxim *respondeat superior*. Pierce, in his work on American Railroad Law, page 299, calls this a reasonable doctrine, and approves the general principle implied in it. There are two cases from Indiana, which recognize this principle and strongly points out where instances of distinct employments on the

part of the servants, existed, and, on that account, the injured one was taken out of the old rule, which would have prevented him from recovering : 5 Indiana, 339 ; 7 *Ibid.*, 436. The latter of these two cases is somewhat similar to the one under consideration.   A laborer was employed upon one part of the road to load and unload gravel and distribute it upon the road at some distance from his boarding place, and by agreement was to be carried to and from his work.   He was injured by a collision with another train caused by the negligence of the engineer on the train in which he was carried. It was held that the company was liable.   There are contrary decisions to these in other states : 10 Cush., 228 ; 4 Met., 49 ; 23 Pa., 384.   See, also, Redf. on Railways, sec. 170 ; Shear. and Red. on Neg., secs. 108, 109, 110.   Pierce, in his work already referred to, concludes on this question, with the remark : "It may not be easy to state the principle which will distinguish in advance one department of service from another, so that the employees in one are not to be considered the co-servants of persons employed in another ; but the distinction itself cannot well be denied."  Considering the conflicting views upon the question, and the provisions of our own Code, removing generally, in section 2083, the disability that formerly rested on an employee, preventing him from a recovery for an injury caused by the negligence of another employee, we think, under a proper construction of all of said provisions, that a workman employed by a railroad company to do the work of an ordinary laborer on its track, and who is injured while he is being carried on a train of the company from the place of his work to the camp where he stays at night, comes within sections 2083 and 3034 of the Code, and that his right to recover damages for the injury is affected by the question of negligence on his part, as it would be in ordinary cases of persons sustaining no relation to the road as employees.

2. This being the principle governing this case, necessarily brings it within the rule established in the case of *Macon and Western Railroad Company vs. Johnson*, 38 *Georgia*, 409, to-wit : Though the company or its agents may be guilty of

negligence, yet, if the injured party could by the exercise of ordinary diligence, have avoided the consequences to himself of that negligence, he is not entitled to recover any damages from the company.

3. And if it appears that both parties were guilty of negligence, and that the person injured could not by ordinary care and diligence have avoided the consequences to himself of the negligence of the company's agents, the plaintiff may recover, but the jury should lessen the damages in proportion to the negligence and want of ordinary care of the injured party.

4. As this case will undergo another investigation, it would be well for counsel to look to the rule prescribed in the case referred to in 38 *Georgia*, for ascertaining the measure of damages when a suit is brought by a widow for the homicide of her husband. So far as it appears from the record, the testimony in this respect furnished no satisfactory measure. That rule is affirmed. It is stated in the third head-note of that case to be the rule where there is no fault proven on the part of the deceased. But it is apparent from the whole case, and from the principle that has already been decided in it, as appears from the preceding head-notes to it, and which are in substance given above, that the amount that such a rule would give, when there is no default on the part of the husband, should, if he were in fault, be lessened in proportion to his contributory negligence in causing his death.

5. The court was requested to charge the jury on this subject. Under the evidence, we think the defendant was entitled to have the law upon it given to the jury. It is true, no special request in writing was made. But when the court replied, " it did not apply to this case," it was in effect a denial of the right of the jury to consider the matter of negligence or want of care and prudence on the part of the deceased. This would prevent them from diminishing the damages on account of the fault or negligence of the husband, and that question should have been left to the jury. We think there should be a new trial.

Judgment reversed.