Thompson *vs.* The Central Railroad and Banking Company.

WILLIAM THOMPSON, plaintiff in error, *vs.* THE CENTRAL RAILROAD AND BANKING COMPANY, defendant in error.

2. A railroad company is liable for injuries to the person of an employee by the negligence or misconduct of other employees of the company, whether such injuries are connected with the running of trains or otherwise.

2. The only distinction made in the Code between an employee so injured, and other persons so injured, is that the employee must be wholly blameless to authorize a recovery; others may recover though partly at fault.

3. The fact that the employee is without fault or negligence, is not a condition precedent to his recovery; in his case, as in others, the presumption is against the company, and it is for it to show its agents without fault or negligence, and the injured employee either at fault or negligent. Code sections 3033, 3034, 3036.

Railroads. *Torts.* Presumption. Before Judge TOMPKINS. Chatham Superior Court. February Term, 1875.

Reported in the opinion.

A. P. ADAMS; MELDRIM & ADAMS, for plaintiff in error.

JACKSON, LAWTON & BASINGER, for defendant.

JACKSON, Judge:

Thompson sued the defendant for an injury done to his person by the carelessness and negligence of certain servants of the defendant. Thompson was himself a servant, a switch-man; those whose carelessness injured him, were laborers engaged in carrying iron from one point to another of the yard of defendant. The evidence, in substance, was that the laborers let fall a bar of iron on the shoulder of plaintiff, and he was thereby injured. The court granted a non-suit on the ground that the road was not liable to an employee for injuries received from co-employees, unless connected with the running of the trains of defendant; the plaintiff excepted, and the question made here, is whether in a case, not connected with running the cars, the company is liable. In the view we have taken of the case, it becomes unnecessary to follow the able counsel who argued the cause on each side in their examination of the common law bearing upon the liability of parties in such cases, nor is it necessary to criticise closely the testimony developed on the hearing and disclosed in the record. The brief statement of fact, at the head of this opinion, is sufficient for our judgment, and the sections of our own Code applicable thereto, and their construction, and to us, evident meaning, will control that judgment.

1, 2. The 3d article of the 3d chapter of the 8th title and second part of our Code, is devoted to the subject of injuries by railroad companies, and it is reasonable to look for the law on the subject there, and to expect to find it, in the main, embodied therein; and when found there the sections on the same subject matter should be construed, particularly construed, together. Section 3033 of that chapter, enacts that such companies shall be liable, first, for any damage done to persons, stock or other property, by the running of trains, or

Thompson *vs.* The Central Railroad and Banking Company.

other machinery of such company; and secondly, for damage done by any person in the service of the company, unless the company shall make it appear that their agents have exercised all reasonable care and diligence, the presumption being in all cases against the company. Section 3034 enacts that there shall be no recovery when the injury to the party complaining, or his property, is done by his consent, or caused by his negligence; and if the agents of the company and himself be both at fault, then he may recover, but the damage shall be reduced in proportion to his fault. Section 3036, which should come immediately after section 3034, and does so appear in the former Code, the act of 1870, on another subject, being improperly interjected, enacts that if the person injured is himself an employee, and the damage was caused by another employee, and without fault or negligence on the part of the person injured, his employment by the company shall be no bar to the recovery. "If the person injured." How injured? By the running of cars or machinery alone? The statute does not so declare. On the contrary, the words "the person injured," according to every fair rule of interpretation, must refer to section 3033, and embrace those injured not only by the running of the trains, but by any servant or employee of the company. Construing the three sections *in pari materia,* as one law, relating to injuries done to persons by railroads, the obvious meaning is that the company shall be liable for injuries done by their agents, in running trains or otherwise, in their service and employment, but when the person injured is wholly at fault, even if not himself an employee, he shall recover nothing; if partly at fault, he shall recover less than full damages, to be fixed by a jury; if an employee, he must be blameless to recover at all, but if blameless, the fact that he is a servant of the company shall not bar his recovery. Nor do we think the statute so construed unreasonable. It is right that the servant should recover, if wholly blameless; if to blame, it is not right that he should recover; and it seems proper to make such distinction between him and a stranger; the latter being entitled to recover, though to

blame, if the agents or servants of the company are to blame too. We do not think that this construction of these sections of this title of the Code, is shaken at all by the other sections in another part of the volume, and referred to by counsel for the defendant in error, and on which his argument was, in a great degree, based. Those sections are 2202, which provides that the principal shall not be liable for injuries arising from the negligence or misconduct of another agent in the same business, and which declares that the exception in case of railroads has been previously stated, referring to section 2083, which declares that, as carriers, the companies shall be liable to employees as to passengers; and it is ingeniously argued that section 3036 refers alone to section 2083, and further modifies that section. If it did so refer alone, it would be very strange, indeed, that it should be found under an entirely different head, in a different chapter, and under a different title. If it were an original question, it might be doubted whether section 2083 was modified at all by section 3036; but it has been so held and we do not disturb the ruling. It is enough to say that section 3036 must, by every rule of construction, be held also to refer to, and to modify section 3033. Because prior to section 2202, an exception to the rule of the liability of principals for the negligence or misconduct of agents, had been reached in the Code and appeared already codified therein, and was referred to, it does not follow that another modification or exception might not afterwards be made. We think it was made in section 3036; and hence we think the court below erred in non-suiting the plaintiff.

3. Nor do we think there is anything in the point that the freedom from all blame is a condition precedent in the way of plaintiff's recovery; that is to say, a condition precedent in the sense that the *onus* is upon him to prove himself blameless. On the contrary, the presumption is that he is without fault. The presumption is against the company in in his case as in all others, and which *they* must rebut by showing some degree—a slight degree will do—but some degree of actual, real blame and fault in him. But even if it

were a condition precédent, it has been complied with in this case. The facts show, and two witnesses prove that he was, as far as they could see, without blame; and there appears to be sufficient proof ·of· negligence in the laborers of the company, if the *onus* were upon the plaintiff to show that. But under our construction of the· Code, the fact that the person injured is an employeé of the company, only alters his condition from that of other persons suing, in this, that he must be wholly blameless or he cannot recover; others may recover, though at fault; in all other respects the Code puts all persons injured by railroad companies or their agents on an equality.*

Judgment reversed.

---

*NOTE.—When this case was decided, and the principle agreed to that the burden is on the railroad company to show fault or negligence in the plaintiff, if an employee, we inadvertently omitted to consider the case of *Campbell vs. The Atlanta and Richmond Air Line Railroad*, 53 *Georgia*, 488. That case seems to cast the *onus* on the employee. We note it, that both that and this may be reviewed and compared hereafter. The judgment in this case would stand, however this point might be ruled on review.