THE ATLANTA & WEST POINT RAILROAD COMPANY *vs*. WEBB.

A fireman, or wood-passer, having been killed while engaged in his business on the train, and his death having resulted from striking his head against some part of the fixtures of a water-tank situated on the roadside—most probably against an iron pipe projecting from the tank and reaching within a short distance of the train—his widow cannot recover of the railroad company damages for the homicide, if her husband, though the pipe projected too far, could have passed it in safety by using due diligence on his part in the manner of prosecuting the business in which he was engaged. If his own negligence contributed substantially to the injury, there can be no recovery; the doctrine of apportionment of damages on account of contributory negligence not applying in such a case, but the principle of section of the Code 3036 being applicable; which section demands that the employee shall be free from fault or negligence.

Railroads. Negligence. Master and servant. Before Judge CLARK. Fulton Superior Court. April Term, 1878.

Mrs. Webb recovered a verdict against the railroad company for $3,141.33, damages resulting from the homicide of her husband, who was an employee of the company. The facts, so far as material, appear in the head-note. The

defendant moved for a new trial upon the following, among other grounds:

The court was requested by defendant's counsel to charge the jury, that if Webb was killed by the carelessness or negligence of the defendant or its agents, such as is charged in the declaration, still, if Webb was guilty of some degree, (a slight degree will do,) but of some degree of actual, real blame and fault, plaintiff cannot recover, if, at the time, he was an employee of the company engaged in the performance of the company's work. The court refused so to charge, but on the contrary, on that subject, instructed the jury as follows:

"You must then be satisfied that the cause of Webb's death was an act of negligence on the part of the company. To this extent his position as an employee may be considered, because if the company was not negligent in putting this projectile there, on the water-tank, then the plaintiff would not be entitled to recover on account of the death of her husband. Negligence is a question of fact for your consideration, according to the decisions of our supreme court. The circuit judge is a cypher when he comes to charge the jury upon that subject. It has frequently determined that negligence is exclusively a question of fact for the jury. Now, upon that question of negligence, as it respects this water-tank and the projectile to it, you are to determine whether it was a negligent act by the company. If you determine that it was not, then this man who was injured, being an employee, would not be entitled to recover. But if you believe, from the evidence, that this was an act of negligence by the company, you may then proceed to consider whether the plaintiff, on account of the homicide of her husband, is entitled to recover.

"If this was an act of negligence by the company, and not an act of negligence on the part of Webb, (and upon this side of the question you are the judges, as on the other—as to Webb's acts, or what you believe he did, from the evidence—it being for you to say whether it was an act

of negligence he did or not), if you determine that the company was negligent, and that he was not negligent, his widow would be entitled to recover from the company the full amount and measure of damages, with regard to which I will charge you hereafter.

"But if you find that he was negligent as well as the ·company, then you will apportion the damages; you will lessen the damages in his behalf; that is, in his widow's behalf on this account, to the extent of this proportion of his negligence.

"For instance, if you find that his widow is entitled to $300, $200, $100 *per annum*, if you find that he was equally negligent, find half of that amount; if you find that he was one-quarter negligent, take three-quarters of that amount. You will understand that in proportion as the negligence is—the proportion of negligence ascribed to Webb—you will assess it accordingly. If three-quarters, you will allow the .widow one-quarter; if one-quarter, you will allow the widow three-quarters.

"Her right to recover depends upon his right; she is to be governed by his conduct, as if he were in life, and if the case is one in which he could not recover, she would not be entitled to recover. On the other hand, if he would be entitled to recover on suit brought by him, (supposing he had broken a limb and was in life,) she would be entitled to recover for herself such an amount as was necessary for her support."

The court erred in refusing to charge as requested, and in charging as it did as to the apportionment of damages in case Webb was also negligent as well as the defendant, be· cause contributory negligence by Webb would bar a recovery by his widow in this case.

The motion was overruled and defendant excepted.

Judge HILLYER being disqualified, the Hon. RICHARD H. CLARK, judge of the city court of Atlanta, presided in his place.

N. J. HAMMOND, for plaintiff in error, cited 54 *Ga.*, 509, 511; 15 *Ib.*, 258; 19 *Ib.*, 335.

P. L. MYNATT; S. B. SPENCER, for defendant, cited Code §§ 2202, 2083, 3033, 3034, 3036; 30 *Ga.*, 146; 54 *Ib.*, 511; 56 *Ib.*, 586; 58 *Ib.*, 107; 38 *Ib.*, 304.

BLECKLEY, Justice.

Corporations conduct all their business by means of offi cers, agents and servants. In a broad sense, they are all employees of the corporation. The location and arrangement of a water-tank, and the keeping of it in proper condition, must depend upon the skill and diligence of one or more of such employees. The corporation being an artificial, imaginary person, cannot, in point of fact, be negligent except by and through the natural persons who undertake to serve it. Their negligence is imputed to it by law, and it is made responsible therefor, generally, just as a natural person is for his own negligence. It is an established rule, however, under section 3036 of the Code, that for an employee of a railroad company to recover for damages caused by another employee, the person injured must have been without fault or negligence on his part. This means, of course, that recovery is thus conditional where the injury was received whilst the servant was engaged, at the time, in the work for which he was employed. If upon the train as a mere passenger, and having no work to attend to for the company on the train, he would be upon the footing of any other passenger. 53 *Ga.*, 12. In the present case, the deceased when killed, was a fireman or wood-passer for the company, and was in the active prosecution of his business. It was, at the moment, important to the company, and perhaps also to the public, to have the full measure of care and diligence at his hands to which he was bound. The company, especially, was entitled to have him take due care of himself. If he idly and unnecessarily exposed his person by leaning beyond the line of the engine and cars,

and was thereby thrown against the water-tank, or the pipe which projected therefrom, when he could have passed in safety by using proper care and diligence in his business, he was at fault, and his widow cannot recover. If he was voluntarily out of his proper place or position, when he might and ought to have remained in it, and was killed in consequence, there can be no recovery; for the case is not one for the apportionment of damages on the doctrine of contributory negligence. The plaintiff ought to recover full damages or none at all. If her husband was free from fault or negligence, the jury should award her full damages; but if his own fault or negligence contributed to the calamity, she is without remedy.

Judgment reversed.