## THE CENTRAL RAILROAD vs. HENDERSON.

69 715
e124 901

[This case was argued at the last term, and the decision reserved. SPEER, Justice, being disqualified, did not preside.]

1. If one as agent of a railroad company accepted a free ticket therefrom, and while traveling over the road free of charge, upon leaving the train near a depot, was injured, he would be estopped from denying the existence of his agency.

(a.) Though one may be an employé of a railroad company, yet if his agency is disconnected from the running of trains, and, while traveling, he is injured by the running of a train, he stands in the position of a passenger, and will not necessarily be precluded from recovery by the existence of some degree of negligence on his part; but in such a case the doctrine of apportionment of damages on account of contributory negligence may apply. But where the injury did

not result from the running of trains, and was disconnected therefrom, but resulted from the existence of a dangerous hole in the ground held by the company in connection with its depot, at which the injured party was an agent, it would be necessary for him to be wholly blameless to authorize a recovery.

(*b.*) If the plaintiff was an employé of the road, and was injured by co-employés engaged in business other than the running of trains, it does not matter that he was not connected with them in regard to the pit where the injury occurred ; to recover he must be blameless.

2. Where one, at his own request, was put off of a railroad train at a point some distance from the depot on a dark night, but reached the depot in safety, and afterwards, instead of following the public road, relied on his knowledge of the locality and sought to follow a by-path which passed a pit on the land of the railroad, which he himself had formerly cleaned out, and to carry his own baggage along such pathway in the dark, if he missed the path, fell into the pit and was injured, he could not recover, although the underbrush and shrubbery around and in the pit had been cut by the railroad hands, according to their custom of annually clearing the right of way, and though this had been done while plaintiff had been absent from home and without his knowledge, and a snag left in the pit injured plaintiff when he fell.   The real cause of the injury was plaintiff's own negligence.

February 13, 1883.

Railroads.   Damages.   Negligence.   Master and Servant.   Before Judge CARSWELL.   Scriven Superior Court. November Term, 1881.

Reported in the decision.

A. R. LAWTON; SINGLETON & WADE; JACKSON & KING, for plaintiff in error.

BLACK & DELL; L. E. BLECKLEY, for defendant.

JACKSON, Chief Justice.

Henderson sued the Central Railroad and Banking Company for an injury sustained by him by falling into a pit, after he was put off the cars, by his request, at a station on the road, where passengers were not put off at night.

He was traveling as agent of the company, by virtue of a ticket or pass given him, and used by him as such agent. He was put off the car at the depot, where no regular agent was appointed, and where alone he had ever acted as an agent for the company. He was born and raised, and lived at, or in close proximity to, the depot, and knew all about the surroundings, owning the fee of the property and the store-house used as a deposit for freight there. The pit, some three and a half feet deep, was dug and had been used a long time ago for machinery for water works by the company, but the use had been discontinued since Sherman's army passed by and destroyed those works. The plaintiff himself had afterwards cleaned it out with the intention to make a bath pool out of it, he having dug a well in ten feet of it; but finding that it had no brick bottom, had abandoned his purpose. It stood within less than thirty feet of the store, the piazza of which was used as a freight deposit for goods by the company; and immediately fronting the piazza so used, a road ran by the store to plaintiff's home; but that night he did not use or try to use this public road, but tried to follow a path, encumbered as he was with some luggage, flowers and an overcoat, missed the path and fell into the pit, and was pierced by a snag therein, which had been chopped off slantingly by some persons, said to be the railroad hands, in chopping down the vegetation which had grown up in the pit. Plaintiff had been absent at the meeting of the general assembly, of which he was a member, and did not know that the shrubbery around and in the pit had been cleared away in his absence. It seems from the evidence, however, that it was done annually, it being within the right-of-way, or the thirty feet allowed; though there is some confusion about the right of way, plaintiff himself, the owner of the fee, testifying that he did not know that the right of way covered the pit. The train was a long one, freight cars preceding the passenger car, and he was put off some sixty-five yards from the store, and his trunk a little nearer the store, being in the baggage car.

v 69—46

The right to recover, is based upon negligence in the company, by its hands having cut down the trees of heaven and dog fennel around and in the pit, so as to leave this dangerous snag therein.

The jury, under the charge of the court, found ten thousand dollars for the plaintiff, and on the refusal of the court to grant defendant a new trial on the grounds set out in the motion, error is assigned here.

Those grounds are:

(1.) Because the verdict is contrary to the charge of the court, and given in utter disregard of the same, which charge was in writing, and a copy of the same is hereto attached.

(2.) Because the verdict is contrary to evidence, and decidedly against the weight of evidence.

(3.) Because the verdict is contrary to law.

(4.) Because the damages awarded by the jury are excessive.

(5.) Because the court erred in giving the following charge to the jury at the request of plaintiff's counsel, to-wit: "What amounts to negligence is a question of fact, and the question of what amounts to negligence, under all the circumstances, is a matter to be decided by the jury under the proof," said charge being given without any qualification or addition as to the obligation of the jury to apply the law, as given by the court, to the facts as proved.

(6.) Because his Honor erred in refusing to give, on request of defendant's counsel, the following charge, to-wit: "If Henderson was traveling, on the night of the accident, on a free ticket, given to him as agent of the company, he stands in the attitude of an employé of the railroad, and cannot recover any amount of damages, unless it is shown that he was absolutely free from fault or negligence," said charge being given by his honor with the words, "and was an agent of the company," added and inserted immediately before the words, "he stands in the attitude of an

employé," etc., thus destroying the force and effect of the charge requested.

We think that the grant of a new trial is necessitated by the sixth ground of the motion, and by the other grounds therein, that the verdict is contrary to evidence and to law.

1. The plaintiff was traveling by virtue of a pass as agent of the company, and having accepted it as such, and traveled upon it in that character without paying as a passenger, but on a free ticket as agent of the company, such acceptance of the ticket and deriving such value from it, constituted him, beyond all doubt, agent and employé, so far as this trip was concerned. These facts estop him from denying the character and office by virtue of which he procured and used the free ticket. Whether he was a regular agent at that depot or not—though the evidence discloses no other agent there—is wholly immaterial. This ticket recognized his agency of some sort at that post by the company, because it so called him therein ; it showed the acceptance of that recognition by him, because he received and used it to his profit. The court, therefore, we think, erred in the *addendum*, " and was an agent of the company," unless he had added thereto the legal principle referred to in the request itself, " and this, if you believe he used the free ticket in evidence on that occasion, he is concluded thereby from denying."

But it is insisted here, on the authority of 51 *Ga.*, 213, and 61 *Ga.*, 586, 590, that the doctrine of contributory negligence does not apply here so as to defeat the plaintiff's recovery, even if he was an agent and employé of the company, because he was not an employé in the matter of running the trains, it being there ruled that one not so employed and on the train for passage, stands on the footing of a passenger, to whom under our law contributory negligence does not deny any recovery, but requires an apportionment of damages. This rule would most clearly apply in this case if this agent had been

injured by the running of the train; but his right of action is based on the negligence of those who were concerned in this pit, in cutting down the timber therein and leaving it in the condition it was when the snag pierced him. It was the carelessness of these co-employés which caused his injury—if carelessness be imputable to them therein—or of those over them, if such there were at this depot. The plaintiff himself seemed to be in charge there, when at home. At one time he cleaned out this pit to make a bath-house of it, being thus seemingly in command. So that, though he was disconnected with the running of the train and its machinery, he was not with this pit, if by any reasoning it can be made part of that machinery. If he cleaned it out when filled up, he was the cause, certainly one cause, of his own injury, and he himself swears that "he cleaned the rubbish outof it, which had collected ever since the railroad ceased to use it. * * * The cleaning out was done by me and at my direction publicly, and the rubbish left thrown out on the ground."

But if he was an employé of the road, and injured by co-employés engaged in business other than the running of the train, it does not matter that he was not connected with them in this pit. 54 *Ga.*, 509, and following cases. The distinction made between such employé and other persons injured by employés of the road is, that the employé must be wholly blameless to authorize a recovery; others may recover, though partly in fault. 54 *Ga.*, 509, *et seq.* So that, in any view of the case, we think that the doctrine of contributory negligence barring his right is applicable, and that the substance of the charge should have been given as requested, and without the *addendum.* The general charge nowhere puts the question of his agency derived from accepting and using the free ticket, on which he is designated as agent at $5\frac{1}{2}$, the very depot where he was hurt, before the jury, but holds them to the single issue of actual agency.

2. But even if it be conceded that the plaintiff was not a co-employé of the company, and stands unaffected by

being agent and traveling on a free ticket, do not the facts show that his own negligence was the cause of the injury, and that he could have avoided it by ordinary care? He cleaned the rubbish out of the pit and threw it out, leaving it open; in a dark night he followed this path, leaving an open, public road; he seems to have been encumbered with luggage, and yet walked rapidly where he could not see; by his own option, and at his special request, he was put out at this depot, with which he was familiar, and where it was not the habit to land passengers at night; he was necessarily landed at a distance from the store, but was not thereby hurt, for he got to the store in perfect safety; after he was put off by his request at this depot safely, and got to the depot safely, he did not arouse his tenant, the occupant of the store, but left it and left the public road to pursue the path, thinking that his knowledge of the locality from boyhood would enable him to thread it successfully, though so dark; he apparently assumed the risk; and the question is, could he not by ordinary care have avoided the danger and damage, and did not his own negligence or want of prudence, ordinary prudence, cause the calamity? It so appears to us from this record; and while negligence is a question of fact for the jury, yet it is the right of the court and its duty to supervise verdicts and grant a new trial where the verdict is without evidence, or so strongly and decidedly against its weight as to make the verdict unlawful; and it is the duty of this court, while reluctant to interfere with the court below in such cases, to have and exercise the nerve to do so where the verdict appears to it contrary to law, because unsupported by sufficient testimony on vital points. It should be noted, too, that the proof is not positive, either how far the right-of-way at this point extended, or that employés of the company cut out the shrubbery and left the snag. So that the case must be tried anew.

Judgment reversed.