GEORGIA RAILROAD *vs.* IVEY.

1. In the·case of the *Central Railroad vs. Thompson*, 54 *Ga.*, 509, it was held that, under the statute law of this state, a railroad company is liable for injuries to the person of an employé by the negligence or misconduct of other employés of the company, without negligence on his part, whether such injuries are connected with the running of trains or not. That decision has stood for nine years, and the doctrine of *stare decisis* applies.

(*a.*) Leave granted to review that case.

(*b.*) That no property has passed and no rights vested under it, does not prevent the doctrine from applying. It was the construction of a statute in reference to the legal status of all employés of railroad companies, and became settled law; and it entered into every contract between the master and servant, and regulated their rights.

2. The fact that there may have been no other recovery under the ruling made in that case, or that the plaintiff therein having died from causes disconnected from the injury, that action abated, would not affect the principle ruled.

(*a.*) That other points ruled in that case had since been modified or reconciled with other rulings, while the principle now reviewed had been tacitly recognized, would strengthen, not weaken it.

(*b.*) The case of *Henderson vs. Walker, receiver*, 55 *Ga.*, 781, was, in fact, decided before the case of *Central Railroad vs. Thompson*, 54 *Ga.*, 509, though contained in a later volume of reports.

3. The construction put on sections 3033, 3036 of the Code in the case under review has never been doubted, but has been several times impliedly affirmed.

4. The statutes regulating liability of railroads to employés injured by the negligence of co-employés are not special laws, and are not obnoxious to the provision in the constitution that "laws of a general nature shall have uniform operation throughout the state, and no special law shall be enacted in any case for which provision

has been made by an existing general law." Nor is this a special law affecting private rights, which is unconstitutional as varying the general law without the "free consent in writing of all persons to be affected thereby."

5. The verdict is supported by the evidence.

(a.) Sections 3033, 3034 and 3036 of the present Code were contained in the Code of 1863, forming a distinct article on the subject of injuries by railroad companies, and regulating their liability to strangers and employés, not only for injuries resulting from the running of trains, but for damages done by any person in the employment and service of the company. This law was recognized, ratified and made constitutional by the constitutions of 1865 and 1868.

(b.) If the injured person be, at the time of the injury, in the service of the company, if without fault he may recover, if at fault he cannot recover. Any other person may recover, though at fault, but the recovery will be less on account of such fault.

September 16, 1884.

Railroads. Damages. Negligence. Master and Servant. Principal and Agent. Practice in Superior Court. Constitutional Law. Before Judge FORT. Clarke Superior Court. May Term, 1884.

Mrs. L. D. Ivey brought her action against the Georgia Railroad for the homicide of her husband. The declaration alleged that, "on account of negligence of said company or its agents, in not properly and safely constructing the temporary works around said bridge, and the careless handling of heavy timbers by other employés of said company, which were being raised to the top of said bridge, and the careless knocking of some of the upright pieces, which held up said bridge or scaffold," the bridge and scaffold fell, and thereby plaintiff's husband was killed.

Defendant demurred to the declaration, on the ground that no cause of action was set out. The demurrer was overruled.

The jury found for the plaintiff $6,000.00. Defendant moved for a new trial, which was refused, and it excepted.

Jos. B. Cumming; A. R. Lawton, for plaintiff in error.

Alex. S. Erwin; P. B. Johnson, for defendant.

Jackson, Chief Justice.

In erecting a bridge across the Oconee river at Athens, in order to enable trains of cars of the Georgia Railroad and Banking Company to enter the town and land passengers and freight at a new depot, an employé of the company was killed by the negligence and carelessness of other employés, all employed in the erection of the bridge, and his widow brought suit, alleging the foregoing facts, for his homicide. A demurrer that the action did not lie, because the doctrine of "*respondeat superior*" did not apply to railroad companies, except in cases connected with running the trains, but that the law applicable to all other persons in cases where servants and employés got hurt about the business of the master was also applicable to the railroad companies, and was not altered in respect to those companies by the statutes of this state, except when the employé was hurt by the running of the trains, was overruled, and defendant excepted.

In the *Central Railroad and Banking Company vs. Thompson*, reported in 54 *Ga.*, 509, it was held that the statute law of this state did make railroad companies liable in such cases as this, and counsel for plaintiff in error obtained leave to have that case reviewed. Accordingly the principle there ruled has been very powerfully and earnestly assailed by very able railroad counsel, the ablest and most thoroughly read counsel of these corporations in this state, and the peers of any in the United States, it is believed; and the court has listened to them with that attention and respect which are due to professional learning and logic.

1. It did not fail to strike such counsel that a principle decided nine years ago, and recognized so long as law in

subsequent opinions of a bench changing in its *personnel*, too, as ours does so often, was planted so long and had taken root so deeply in our Georgia jurisprudence as to render it aged, if not venerable, and that possibly the principle *stare decisis* would so encrust the trunk as to make it impervious to any axe, however heavy and sharp, though wielded with muscles however strong and trained. It was, therefore, argued that no property had passed and no rights been vested under this decision, and, therefore, that the weight of the doctrine of *stare decisis* did not bear on the case reviewed. It is our opinion that the doctrine is as applicable here as in other cases. A construction of a statute in reference to the legal status of all employés of railroad companies, in their relations to other employés and to the corporations, was given in that case by a unanimous bench, and became settled law; it entered into every contract between master and servant; it fixed the liability of the master for the default of a co-employé in case of none by the servant hurt; it took railroad companies without the ordinary rule of the liability of the master to his servant; it made the corporation, on the one hand, more careful to employ competent fellow servants, and the injured servant more cautious in his own acts, so as to be free of all fault himself; and thus the master, when he contracted with employés, and the employé, when he engaged to work with his master, the railroad corporation, contracted with each other in the light of this law, as construed by this court. There is no statute law of more consequence and importance than those touching railways, and none which ought to be more firmly settled.

2. But it is urged again that no recovery has been yet had under this construction of the Code in Thompson's case, and nothing, therefore, is to be unsettled. Even Thompson died, and the action abated, and he got nothing, and his wife and estate nothing, because he did not die of the injury, it is said; but that cannot affect the principle ruled. If, in every case where it has arisen, there was no

recovery because of other controlling facts, the principle ruled is not shaken. If another point in the Thompson case was modified and reconciled with prior cases, and this point left untouched, it is not easy to see how this was thereby jostled. On the contrary, the very fact that this was untouched, not even doubted, while other points in the same case were under review or advisement, strengthens the foundation of *stare decisis* as a support of this. So that the rulings in Kelly's and Kennedy's cases reported in 58 *Ga.*, 107 and 485, while they reconcile Thompson's case in respect to the *onus* or burden of proof being on the Railroad Company to show fault in the employé with Campbell's case in 53 *Ga.*, 488, which put it on the plaintiff employé, and show both to be right on the facts of each, by leaving the principle we are now reviewing untouched, strengthen it, if they affect it at all.

So also it is simply a mistake that Judge Bleckley, in *Henderson vs. Walker, receiver,* 55 *Ga.*, 781, doubted this construction of the statute. That case, though reported in the 55th, was decided before Thompson's case, though reported in the 54th. Both were heard at the same term, Henderson's case from the Rome, and Thompson's from the Eastern circuit, but the Rome circuit and Henderson's case were called before the Eastern, and Henderson's was decided before Thompson's. Therefore, where the judge says in the Henderson case, construing sections 2083, 3033 and 3036 of the Code, that "it admits of some doubt whether the section embraces any injuries but such as are sustained from the running of the cars or engine," and adds, "we are inclined to think the terms of section 3033 are broad enough to comprehend all injuries," he announced the pioneer opinion of the court on the construction of §3033, which was subsequently at the same term relieved of doubt, so far as Chief Justice Warner, Judge Bleckley and myself, then the bench, are concerned ; and all rubbish being cleared away, we thought we saw a clean, broad road to the principle now being reviewed.

·3. The fact is that the construction put on the statutes embodied in §§3033 and 3036 has never been doubted for a second by any member of this court from the date of its delivery up to this review. The bench has been filled since, in addition to the venerable and venerated Chief Justice Warner, Judge Bleckley and myself, by Justices Crawford, Hawkins, Speer, Hall and Blandford; and it would be wonderful if so many men, who construe a law under oath and without the slightest prejudice, were wrong, and only the counsel of corporations, who construe it with fees in their pockets, were right.

In 56 *Ga.*, 196 and 586; 58 *Id.*, 107, 216, 485; 59 *Id.*, 436, 440; 68 *Id.*, 699; 69 *Id.*, 347, 715, 720, the construction was recognized and affirmed either expressly or by necessary implication. The two cases from the 69th are directly in point.

The first was for an injury on trestle work, disconnected from any immediate running of the cars, just like the case at bar; and the other was for an injury in falling in a pit or hole left by workmen on the track after the employé was safely landed. It matters not a jot or tittle that the cases were defeated on other grounds; this was distinctly recognized as law. So is the 68th *Ga.*, 699. ، ·

4. But it is argued that the statutes are unconstitutional, Art. 1, sec. 4, par. 1, (Code, §5027). We cannot think so. That provision is simply that " laws of a general nature shall have uniform operation throughout the state. and no special law shall be enacted in any case for which provision has been made by an existing general law. No general law affecting private rights shall be varied in any particular case by special legislation, except with the free consent in writing of all persons to be affected thereby, and no person under legal disability to contract is capable of such consent."

This is no special law. It is a law applicable to all railroad companies and their employés, whether employed in running trains or not. It would be more special and less

general if applicable only to those engaged in running the trains. It is a general law embracing in its terms all railroads and their employès. Nor is it a special law affecting private rights which varied a general law without " the free consent in writing of all persons to be affected thereby," in the sense of this language in our constitution. It would be so if it affected one railroad company without such consent, and left out all others. But this affects all railroad companies and their employès. It might as well be said that a law affecting all lawyers or doctors was special legislation, if it regulated their treatment of clerks or students differently from that of common or unprofessional people. The cases cited from the Iowa reports are not in point. The constitution and statutes there are unlike ours. If that court had so construed statutes like ours, we should differ with them with all deference to their judgment; but they do not collide, we think, with what we decide on our constitution and our statutes.

5. The verdict is supported by the evidence; enough to support it, though conflicting; the presiding judge approved it; it is not excessive in damages, and if the principle ruled in the Thompson case be law, it ought to stand. That judgment, after review, is affirmed; and while as legislators we might not have made the law as there written, as judges we cannot alter it. §§3033, 3034, 3036 of the present Code are in the Code of 1863, there numbered §§2978, 2979 and 2980, immediately following each other and under article 4, "of injuries by railroad companies." It forms a distinct article on this subject, " of injuries by railroad companies;" §2980 follows §2978 and §2979, with no later enactment interjected, as in the present Code. The three sections make one law. What is that law? It is the liability of railroad companies to strangers and employés, not only for the running of the trains, but for "damage done by any person in the employment and service of the company," not only employed, but in service at the time. If the plaintiff be also then in service, if without

fault, he, too, may recover; if at fault, he cannot recover a cent. Any other person may recover, though at fault, but less because at fault. It became law first in the Code of 1863, as embodied together. It was recognized, ratified and made constitutional by the constitutions of 1865 and 1868. If the legislature should confine it to injuries about running the cars, it will afford us pleasure to enforce the amendment; if not, we must enforce it as it now stands.

Judgment affirmed.