THE GEORGIA RAILROAD AND BANKING CO. *v.* BROWN.

1. The verdict is sustained by evidence and law, although the evidence is somewhat conflicting.
2. The injury sued for having been caused by the falling of a piece of timber upon the foot of plaintiff in the shop of a railroad company, where he was employed to work, by the alleged negligence of a co-employee, it was not error to refuse to charge: "If the injury to the plaintiff would not have resulted except by the negligence of a fellow-servant, and such negligence of the fellow-servant caused the injury, he cannot recover."

December 20, 1890.

Negligence. Railroads. Master and servant. Before Judge RONEY. Richmond superior court. April term, 1890.

The plaintiff was engaged by the defendant to work in its shops. On the day he was hurt he was put to work at a planer with five other men, two putting timber into the machine, and the others, including the plaintiff, taking it out. One was to take the end of the timber (about 300 pounds in weight and from 16 to 18 feet long) which first came out; another was to catch it in the middle; and the plaintiff was to catch the last end. At the time for the first piece to come out another piece was being pushed into the machine, and the shavings from it flew into his face and blinded him. He caught at the first piece, but it fell upon his foot, being too heavy for him alone to hold, and one of the other men not having hold of it. The bone of his instep was mashed, and since the foot healed he has been able to walk only on the side of it. He was twenty-eight years old. He had been given no warning; was hired to do anything, and made no objection to doing this work. After he was hurt, rollers were put on the machine to take the timbers. The verdict was for $1,500.

J. B. Cumming and Bryan Cumming, for plaintiff in error.

Twiggs & Verdery, contra.

Blandford, Justice.

Brown was employed by the Georgia Railroad & Banking Company to work in its shops, and was injured by the falling of a certain piece of timber upon his foot, caused by reason of the alleged negligence of one of the employees of the company in failing to take hold of the timber, whereby, in consequence of its weight, it fell upon his foot and crushed it. A verdict was had for the plaintiff, and the railroad company moved for a new trial, which was refused by the court, and it excepted and says the court erred in refusing to grant a new trial upon each and every ground of its motion.

It is alleged in the motion for a new trial that the verdict is contrary to evidence and the principles of equity and justice, and strongly and decidedly against the weight of the evidence. Looking to the testimony in the case, we find that the same is somewhat conflicting, but we think there was sufficient evidence to sustain the verdict; and therefore the plaintiff in error can take nothing by the first three grounds of the motion for a new trial.

The next error complained of is that the court erred in refusing to charge the jury, at the request of counsel for the plaintiff in error, as follows : "If the injury to the plaintiff would not have resulted except by the negligence of a fellow-servant, and such negligence of the fellow-servant caused the injury, he cannot recover." Upon this ground of error this court was asked to review the case of the *Georgia Railroad* v. *Ivey,* 73 *Ga.* 499. In looking at that case it will be seen that the same able counsel asked this court to review the decision in the case of *The Central R. R.* v. *Thompson,* 54 *Ga.* 509, in which case it was held : (1) "A railroad company is liable for injuries to the person of an employee by the negligence or misconduct of other employees of the company, whether such injuries are connected with the running of trains or otherwise." (2) "The only distinction made in the code between an employee so injured, and other persons so injured, is that the employee must be wholly blameless to authorize a recovery ; others may recover though partly at fault." In the case in 73 *Ga. (Ga. R. R.* v. *Ivey, supra),* the decision in *Thompson's* case was reviewed at the request of the able counsel for the plaintiff in error, and the court held that, "under the statute law of this State, a railroad company is liable for injuries to the person of an employee by the negligence or misconduct of other employees of the company, without negligence on his

part, whether such injuries are connected with the running of trains or not; that decision has stood for nine years, and the doctrine of *stare decisis* applies." The decision in *Thompson's* case was made in 1875, and has now stood for fifteen years. There has been no attempt on the part of the legislature to alter the construction of the statutes of this State which were therein passed upon by this court, and we do not feel, under the circumstances of this case, that we should interpose now to place a different construction upon those statutes than was done in that case. We think the reasoning of Chief Justice JACKSON in the case of the *Georgia Railroad* v. *Ivey, supra*, is correct, and we will not further inquire as to the correctness of the decision in *Central Railroad* v. *Thompson;* and while we have carefully considered the decision sought to be reviewed, we have been led to the conclusion that under the statutes of this State, and for the reasons stated in that decision, the ruling therein was correct. It is therefore sustained.

*Judgment affirmed.*