## SOUTHERN RAILWAY COMPANY *v.* BASTON.

1. Negligence on the part of an employee of a railroad company which in no way contributes to injuries received by him in consequence of its negligence, will not prevent a recovery by the employee for such injuries.

2. There being in the present case affirmative evidence warranting a finding that the plaintiff's injuries were caused by the negligence of the defendant company, he was entitled to recover, unless his own negligence in violating the company's rules contributed to the catastrophe by which the injuries were occasioned. The question whether his disobedience of those rules did so contribute was fairly submitted to the jury, and this court cannot, in view of the entire evidence, undertake to say that their finding upon this question was wrong.

3. No new question of law is presented, and there was no error requiring a new trial.

Argued December 1,—Decided December 17, 1896.

Action for damages. Before Judge Sweat. Glynn superior court. May term, 1896.

*Goodyear & Kay*, for plaintiff in error.

*Symmes & Bennet*, contra.

LUMPKIN, Justice.

The law as announced in the head-notes will, most probably, be accepted as sound without serious question. If there is any doubt about the correctness of our decision in

this case, it arises upon an application of the law to the facts. The brief of evidence is very voluminous, and there is more or less conflict in the testimony. We, of course, were constrained to accept that version of it most favorable to the plaintiff, because the jury found for him. This being so, we concluded, after long and anxious deliberation, that the verdict could lawfully stand, and therefore ought not to be set aside by a reviewing court. It is obvious from this brief statement that an elaborate discussion of the evidence could in no event be profitable. A case which, like this, depends upon its own peculiar facts, can not be valuable as a precedent. It might well be permitted to go without an opinion; and what is here said is simply intended as the expression of our reasons for not writing a full and complete one.　　　. *Judgment affirmed.*