## SOUTHERN RAILWAY COMPANY *v.* SALMON.

1. To entitle an employee of a railroad company, injured by the negligence of a coemployee, to recover damages of the railroad company, it must appear that he was without fault or negligence appreciably contributing to the injury.

2. In a suit against a railroad company by a brakeman, to recover damages for injuries received from being thrown from the pilot of an engine where he was riding, by the alleged negligent manipulation of the engine by the engineer, where there is evidence tending to show that the plaintiff was riding on the pilot in violation of a rule of the company at the time of his injury, a charge, "If you find from the evidence that the plaintiff was upon the pilot of the engine in violation of the rule, but if you further believe that he was standing upon the pilot in safety, and that his presence there was known to the defendants, and if you further believe that the defendant Hopkins, representing the defendant railway company, with knowledge of the plaintiff's situation, so manipulated his engine as to give the same an unusual jerk as described in the declaration, and if you further believe that such conduct on the part of the defendant was negligent, and that thereby the plaintiff was injured, and if you further believe that the plaintiff could not by the use of ordinary care have avoided the consequences to himself of such negligence of the defendants, then the plaintiff would be entitled to recover," is erroneous, because the instruction eliminates inquiry by the jury as to whether or not the plaintiff, in riding on the pilot at the time of the injury in violation of a rule of the company, was without fault or negligence appreciably contributing to his injury.

Argued February 4,—Decided June 19, 1909.

Action for damages. Before Judge Edwards. Floyd superior court. April 8, 1908.

The plaintiff, J. Z. Salmon, brought his action against the Southern Railway Company and Richard P. Hopkins, an engineer in the service of the company, to recover damages for personal in-

juries which the plaintiff alleged that he sustained. In his petition the plaintiff alleged that he was a brakeman in the employment of the railroad company, whose duty was to throw switches at the front of the train, to ride upon the engine, to turn switches for the engine, and to follow the engine generally. The train upon which he worked was stationed upon a side-track, waiting for another train of the defendant to pass on the main line. Another employee of the railway company rode upon the engine until it ran into the main line, when the plaintiff in the performance of his duty took his stand on the foothold on the side of the pilot, where there was a cross-beam upon which employees could sit and rest after mounting the pilot on this foothold. The plaintiff, in stepping upon the foothold of the pilot, was in plain view of the engineer (who is the joint defendant) who was manipulating the movements of the engine, and who either knew or must have known of the plaintiff's presence, and who so negligently conducted himself as to cause his engine to start rapidly, violently, and with a jerk forward; and the impetus and motion and jerk were so violent that the plaintiff could not maintain his footing, and was thrown from the pilot to the track, and one of his legs was run over by the engine and crushed. The plaintiff charged the engineer with being negligent in starting the engine in too rapid motion, in opening the throttle too wide, in giving the engine a jerk, and in so handling the engine as to render it impossible for a person to stand upon the pilot. His injuries were specifically described. The defendants denied that they were negligent. On the trial of the case the defendants introduced in evidence a rule of the company to the effect that conductors and flagmen, before starting a trip, must examine the special bulletin boards, and also stating that they will be held responsible for the observance of all special orders and bulletins after they have had an opportunity to read them. The defendants also introduced the following bulletin: "Southern Railway Company. Office of Superintendent. Bulletin No. 43-B. To all concerned: Effective at once no one must be allowed to ride on the pilots of engines. Engineers will be held personally responsible to see that no one disobeys these instructions. [Signed] F. J. Egan, superintendent. Atlanta, Ga., April 23d, 1907. Post at: Atlanta, North Ave. Atlanta Roundhouse. Macon Roundhouse. Rome Roundhouse." There was testimony

tending to show that this bulletin had been properly posted, though the plaintiff testified that he neither knew of its existence nor had had opportunity to know of it.

The jury returned a verdict for the plaintiff against the railway company. In its motion for new trial the company complains that the following instructions of the court in the charge to the jury were erroneous: (a) "The court may give the jury the standard of care required. The court instructs the jury that ordinary care was required of the plaintiff; and that if he failed to exercise the same and his injuries were sustained as a result thereof, he can not recover. I instruct you, gentlemen, that the plaintiff must have been free from fault." (b) "Ordinary care was required of both defendants, that is, the railway company and Hopkins. Ordinary care is that care which every prudent railroad or individual, as the case may be, would have exercised under the same or similar circumstances. Ordinary care as applied to the plaintiff has the same definition." (c) "On the other hand, if you find from the evidence that the plaintiff was upon the pilot of the engine in violation of the rule, but if you further believe that he was standing upon the pilot in safety, and that his presence there was known to the defendants, and if you further believe that the defendant Hopkins, representing the defendant railway company, with knowledge of the plaintiff's situation, so manipulated his engine as to give the same an unusual jerk as described in the declaration, and if you further believe that such conduct on the part of the defendant was negligent, and that thereby the plaintiff was injured, and if you further believe that the plaintiff could not by the use of ordinary care have avoided the consequences to himself of such negligence of the defendants, then the plaintiff would be entitled to recover." The court overruled the motion for a new trial, and the railway company excepted.

*Maddox, McCamy & Shumate,* for plaintiff in error.

*Arnold & Arnold* and *Barry Wright,* contra.

EVANS, P. J. (After stating the foregoing facts.)

It will be observed from the statement of facts that the plaintiff's cause of action is predicated solely on the negligence of a coemployee. At common law, where the employer has used due diligence in the selection of competent employees, and has furnished them with reasonably safe means and place of work, he has

performed the full measure of his legal obligation to them, and is not answerable in tort to one of his employees for an injury sustained by him in consequence of the negligence of another employee, when both are engaged in a common service. A statutory exception to this rule is found in the Civil Code, §2610, which declares that, "Except in case of railroad companies, the master is not liable to one servant for injuries arising from the negligence or misconduct of other servants about the same business." The Civil Code (§2323) further provides that "If the person injured is himself an employee of the company, and the damage was caused by another employee, and without fault or negligence on the part of the person injured, his employment by the company shall be no bar to the recovery." The right of action of an employee injured by the negligence of a coemployee against the employing railroad company springs from the statute, and in a suit to recover damages for such injury the plaintiff must show affirmatively that he was without fault or negligence about the business which caused the injury. The significance of the phrase "without fault or negligence," as affecting the employee's right to recover, has been several times considered by this court. It has been held, that recovery is conditional on the employee's being without fault or negligence while the injury was received, whilst the servant was engaged at the time in the work for which he was employed; that the negligence refers to negligence operating at the time of the injury; and that any negligence of the employee which does not contribute to his injury will not defeat the action. *A. & W. P. R. Co.* v. *Webb,* 61 *Ga.* 586; *A. & W. P. R. Co.* v. *Johnson,* 66 *Ga.* 259; *S., F. & W. Ry.* v. *Barber,* 71 *Ga.* 644; *Southern Ry. Co.* v. *Baston,* 99 *Ga.* 798 (27 S. E. 163). It was said in *Georgia R. Co.* v. *Ivey,* 73 *Ga.* 499, "If the injured person be, at the time of his injury, in the service of the company, if without fault he may recover; if at fault he can not recover. Any other person may recover, though at fault, but the recovery will be less on account of such fault." In *Central R. Co.* v. *Lanier,* 83 *Ga.* 587 (10 S. E. 279), it was said that the words of the statute, "without fault," mean "that the party suing must not have done anything to contribute to his injury, or must have done everything to prevent the consequences of the company's negligence." The expression "without fault" has been considered in many decisions; and the

purport of· their interpretation is that an employee can not recover
of a railroad company for injuries due to his coemployee's negli-
gence, if the injured employee is negligent, and his negligence ap-
preciably contributes to the injury.  *Little* v. *Southern Ry. Co.*,
120 *Ga.* 347 (47 S. E. 953, 66 L. R. A. 509, 102 Am. St. R. 104).
Without marshaling all these cases, it will be seen from the cita-
tions given, that, in a suit by an employee against a railroad com-
pany for damages resulting from an injury inflicted by the neg-
ligence of a coemployee in the · same business, the statute denies
to the plaintiff a right of recovery if he is negligent and his negli-
gence appreciably contributes to his injury.  It is not so much
whether the plaintiff's negligence is slight or more than slight,
but the imperative demand of the statute is that to recover he
must be without fault; and the employee can not be without fault
if his negligence contributes in an appreciable degree to his injury.
The doctrine of contributory negligence laid down in the Civil
Code, § 3830, does not apply in such cases.  *E. T., V. & Ga. R.
Co.* v. *Duggan*, 51 *Ga.* 212; *L. & N. R. Co.* v. *Thompson*, 113 *Ga.*
983 (39 S. E. 483).  The distinction between the statutory right
of action of an employee for injuries sustained in consequence of
the negligence of a coemployee, and the common-law right of
action of an employee against an employing railroad company to
recover for injuries consequential upon the railroad company's
negligence, has not always been clearly drawn.  *Central Ry.
Co.* v. *McClifford*, 120 *Ga.* 90 (47 S. E. 590), may be cited as an
illustration.  In that case the injured employee based his right to
recover upon the negligence of the railroad company in maintain-
ing a gate across the track in a defective condition, and without
proper appliances to prevent the gate from closing across the
track; and also upon the negligence of the engineer in failing to
obey proper signals and running at a reckless rate of speed.  The
distinction between the basis of liability accruing from the negli-
gence of the coemployee, and from the negligence of the railroad
company, is recognized in the headnotes, though in the opinion
this distinction does not seem to be drawn.  The older cases, which
have· never been overruled, recognize the principle upon which we
place· our decision in this case, and any conflicting dicta found in
subsequent decisions must yield to · the rule as announced in the
older cases.

The vice of the instruction marked (c) in the statement of facts is that the jury were instructed that if the plaintiff was injured by the negligence of a coemployee, he could recover if he could not have avoided the consequences to himself of such negligence by the exercise of ordinary care, without taking into account the blamelessness of the plaintiff. This enunciation of the rule, defining the elements of the plaintiff's case essential to recovery, eliminates inquiry by the jury as to whether the plaintiff's presence on the pilot of the engine at the time of the injury, in violation of a rule of the company, was negligence which appreciably contributed to his injury.

*Judgment reversed. All the Justices concur.*