## DIXON *vs.* MASON.

1. A judgment may be amended so as to conform to the verdict on which it is founded after execution has been issued, or even after it has been satisfied.
2. The judgment must be amended by an inspection of the record, including the verdict and pleadings; parol proof cannot furnish a ground of amendment not in the record. Especially is this the case after the lapse of years and the full execution of final process.

Judgments. Amendment. Practice in Superior Court.

Before Judge LAWSON.  Wilkinson Superior Court.  October Term, 1881.

Reported in the decision.

J. W. LINDSEY, for plaintiff in error.

F. CHAMBERS, for defendant.

JACKSON, Chief Justice.

This was a motion to amend a judgment entered on a verdict, so as to make the judgment accord with the verdict.  The motion was denied, and the error assigned here is the denial of the motion to amend.

The facts are, that on appeal from the line marked by processioners the following verdict was returned: " We, the jury, establish the McCraney survey, commencing at the south corner and running a straight line to the north corner."  Whereupon the following judgment was rendered : " Whereupon it is considered and adjudged that the verdict of the jury be enforced, and that the line surveyed by the surveyor, McCraney, be established as the true line dividing the lot, number 119, in the 3d district, Wilkinson county, in equal parts, between the plaintiff and defendant, and it is further ordered, that the costs of said proceeding be equally divided between the parties, and that the county surveyor proceed to run and mark a straight line in accordance with the order dividing said lot of land equally between the parties, and that the clerk issue execution for costs," etc.

The motion to amend is to the effect that the words "equal parts," and the words "in accordance with the order dividing said lot of land equally between the parties," be stricken from the judgment, and that these words be added after the words "straight line," to-wit, " commencing at the south corner fixed by McCraney, to the north corner fixed by him."

1. There can be no doubt that a judgment may be amended so as to conform to the verdict after execution has issued. Code, §3494. And even after the execution has been returned satisfied. 1 *Kelly*, 469.

2. But the rule has not been extended beyond allowing it to be amended so as to conform to the verdict, and only the record will be inspected to see whether it does or does not conform, that is to say the courts should not look beyond the verdict and the pleadings. 24 *Ga.*, 429. Parol proof will not do to amend by, especially after the lapse of much time, is the ruling in the same case, and Judge Lumpkin says, in delivering the opinion therein, that " it is going very far to allow a verdict to be amended by the declaration; and the judgment by both writ and verdict. Beyond this the courts should refuse to go, particularly after the judgment has been satisfied and much time has elapsed."

What is the McCraney line? Did it divide the lot into equal parts? Did it fix a north corner, so that running from the south corner to it the lot would not be equally divided? We cannot tell from the verdict and the pleadings. The presumption is that it did divide the lot equally or the judge would not have so construed the verdict and so entered the judgment. Even if we were at liberty under the preceding rulings of this court to search the evidence, there is absolutely nothing going to show where the McCraney survey fixed the line.

The court below " inspected the record," as the record shows, and decided from that inspection that there was not sufficient in it to satisfy the mind that the judgment did not carry out the true intent and meaning of the verdict. We have also inspected it, and find nothing to show that it did not conform to the verdict in its true intent under the pleadings. We gather from them, the pleadings and plats accompanying them, that the contest was between a straight and a crooked line, and that the deeds required an equal division of the lot. So that construing

Dixon *vs.* Mason.

the verdict in the light of the declaration or pleadings and the judgment in the light of "both writ and verdict" or pleadings, as Judge Lumpkin said in the case in the 24th *Ga.*, we see no error in the denial of the motion to amend the judgment, especially as it has been fully executed, and an application for *mandamus* to the county surveyor to survey the line claimed by plaintiff in error, in which both these parties appeared has been adjudicated and denied, after a hearing thereon, and on what ground does not appear,—for aught we know on the merits, and most probably so ; and more especially because now to amend the judgment would be prejudical to the rights of the defendant in error after the lapse of some years, and when no exception was taken to the judgment when rendered, or in thirty days thereafter.

We think that the case should be clearly made out from the record that the judgment does not follow and carry out the true construction of the verdict put on it by the court which rendered it, and affirmed by the same court on review by a succeeding judge, before this court would feel justified in interfering by a reversal. It is always the duty of the plaintiff in error to make the error plainly appear, and it is not made so to appear in this record. We do not know that the judgment does not carry out the verdict; and if it does carry it out, we would do great injustice to the defendant in error to alter that judgment ; for it would not be to grant a new trial but to close the case against him forever.

Judgment affirmed.