ance.   It was the practice to set only issues and to take up default cases at any time, and grant orders and rules therein.   Further than having set cases according to the practice, no special leave of absence was granted to plaintiff's counsel; and the practice does not dispense with any rule of pleading, nor excuse a failure to file proper pleadings in all cases pending in the court.

DABNEY & FOUCHÉ, for plaintiff in error.

J. BRANHAM and C. ROWELL, *contra*.

---

CLARK'S COVE GUANO COMPANY *v.* STEED.

Where a judgment of the superior court is based upon the verdict of a jury, and there is no motion for a new trial or to set aside the verdict, a motion to set aside the judgment will not be granted for any cause which does not appear upon the face of the record or pleadings.   The motion in the present case being based wholly on *aliunde* grounds, the general demurrer thereto should have been sustained.                                    *Judgment reversed.*

April 24, 1893.   Argued at the last term

Motion to set aside judgment.   Before Judge MILLER. Talbot superior court.   March term, 1892.

The plaintiff sued Steed and his wife on a promissory note.   When the case was called, defendants' counsel moved for a continuance because of the absence of Steed, stating that there was no defence as to him, that he was a witness for Mrs. Steed, that he had not been subpœnaed, but that they proposed to show he was sick and unable to attend court.   A showing was made, but the motion to continue was overruled; and a verdict and judgment were rendered in favor of the plaintiff.   Mrs. Steed moved to set aside the judgment upon the grounds, that her husband had the management of the defence and was a material witness, but was sick and unable to attend court on the day of the trial; that she had a good defence, having signed the note as security for her hus-

band and being owner of a separate estate, which fact was known to plaintiff's agents; and that through her husband she had secured attorneys and prepared her plea which was filed in the clerk's office. To this motion plaintiff demurred on the ground, among others, that the judgment could be set aside only for error appearing on the face of the record. The demurrer was overruled, and after hearing testimony of Steed and wife relating to the sickness of the former at the time of the trial, the court set aside the judgment.

J. J. BULL, by C. J. THORNTON, for plaintiff.

J. H. WORRILL and J. H. McGEHEE, for defendant.

## NELMS et al. v. PINSON et al.

That the defendants (twenty-seven in number) intend and threaten to put the stock law in force on a named future day in a certain militia district in pursuance of the declared result of a local election which the petitioners allege to be void, and will after that day take up and impound stock found running at large in the district, is no cause for injunction. There is no provision of law for attacking the validity of the election either directly or collaterally until some actual case arises which puts its validity in issue.

April 3, 1893. Argued at the last term.　　*Judgment affirmed.*

Petition for injunction. Before Judge BOWER. Dougherty county. At chambers, December 24, 1892.

The petition prayed, among other things, for injunction commanding the defendants not to take up, impound, or in any wise interfere with the animals, stock or property of any of plaintiffs, under the stock law or any alleged rights based on an election which had been declared for "no fence," and which plaintiffs alleged was, for may reasons specified, illegal and fraudulent.

WOOTEN & WOOTEN, for plaintiffs. JESSE W. WALTERS, by HARRISON & PEEPLES, for defendants.