MILNER, administrator, *v.* MUTUAL BENEFIT BUILDING ASSOCIATION.

104　101
120　566
104　101
124　1043

1. Where the petition in a statutory action for land, to which there were several defendants, prayed for nothing except the recovery of the premises sued for, and there was no plea praying for any additional relief of any kind, a judgment allowing the plaintiff a money recovery, directing a sale of the land, and adjusting various equities among the several parties, can not lawfully stand, there being nothing in the pleadings to authorize it.

2. If, however, in such a case pleas were filed alleging facts showing that an equitable decree was essential to a due adjustment of the rights of the parties before the court, and all these parties agreed to a reference of the case to an auditor, and it was with their acquiescence heard by him in the same manner as if it had been an equity case in which appropriate equitable relief could, upon the facts appearing, be administered to all the parties, and if after the return of the auditor's report exceptions thereto were filed, and the same by consent were submitted to and passed upon by the judge without the intervention of a jury, and he passed an order in the nature of a verdict overruling all the exceptions and sustaining the report, such a direction should then have been given to the case as would serve to make available to all the parties the result of the auditor's work and also the finding of the court thereon, and this could have been accomplished by properly amending the pleadings.

3. It was too late, after the passing of the order approving the auditor's report, to file new and independent defenses to the plaintiff's action.

4. The final judgment being unauthorized by the pleadings, the same must be reversed; but, in view of the facts above recited, direction is given that the plaintiff may, at any time within ten days after the remittitur from this court is entered upon the minutes of the court below, so amend its petition as that it will support a decree administering the proper equitable relief to all the parties upon the facts reported by the auditor; upon which being done, that report and the order approving the same shall stand affirmed, and the court will then proceed to enter a final judgment or decree thereon; but if such amendment is not made within the time limited, the judgment is reversed generally, and a new trial ordered.

Argued December 17, 1897. — Decided April 12, 1898.

Exceptions to decree. Before Judge Candler. DeKalb superior court. July 8, 1896.

*R. W. Milner* and *J. N. Glenn*, for plaintiff in error.

*J. H. Gilbert, Tompkins & Alston* and *W. A. Haygood*, contra.

FISH, J. The Mutual Benefit Building Association brought its action against Robert W. Trotter and his wife, for the recovery of certain land to which it claimed title under a deed from Lena S. Milner to the plaintiff, dated July 2, 1889, and recorded October 21, 1890. Subsequently R. W. Milner, as administrator of the estate of Lena S. Milner, was made a party defendant. Trotter and wife answered that they were in possession of the land under a bond for titles from Lena S. Milner to Mrs. Trotter, dated October 4, 1890. They also alleged as follows: The deed under which the plaintiff claimed was made to secure an indebtedness, a large amount of which had been paid. These defendants were not aware of this debt at the time of their purchase. The defendant, Mrs. Trotter, was still due on the purchase-money to the administrator of Lena S. Milner $248, with interest, which sum the administrator proposes to use in part settlement of the balance due to the plaintiff. Mrs. Trotter had been, and was, at the time of filing this answer, ready to pay over to said Milner, as administrator, the balance due him as such, as soon as he should be in position to settle the balance due the plaintiff by his intestate, and give to her an unencumbered title to the property. Upon these pleadings the case was referred to an auditor to hear evidence and make a finding as to the amount of the indebtedness of the estate of Lena S. Milner to the plaintiff, and also the amount of the indebtedness of Mrs. Trotter to the estate of Lena S. Milner. The auditor made a report, to which the administrator filed exceptions of law and fact. By agreement of counsel these exceptions were submitted to the court without the intervention of a jury. He overruled the same, and sustained the findings of the auditor. It does not appear that in so doing any error was committed. Milner, the administrator, then offered to amend an answer which he had previously filed, and set up new matters of defense. This amendment the court rejected, on the

ground that "after the verdict of jury amendments are too late." The court then proceeded to make a judgment based upon the findings of the auditor. Its purpose was to adjust all the equities among the several parties upon the facts as they appeared from the auditor's report. Among other things, it was adjudged that the plaintiff was entitled to a judgment against the estate of Lena S. Milner for a specified amount, the collection of which might be enforced by a sale of the property which the plaintiff's action was brought to recover, unless, on or before a date named, Mrs. Trotter should pay off and satisfy the judgment thus rendered in the plaintiff's favor. The judgment further undertook to provide for an adjustment of the equities between Mrs. Trotter and the estate of Lena S. Milner, in the event the land had to be sold to satisfy the demand of the Mutual Benefit Building Association, or in the event the same should be paid off by Mrs. Trotter, as above provided.

The above statement, without going into unnecessary detail, sufficiently sets forth all the facts really essential to an understanding of our rulings in dealing with this case.

1. The plaintiff's petition was a simple statutory action for land, and prayed for nothing except a recovery of the premises sued for. There was in it no prayer for any additional relief of any kind, nor was there in the pleadings of any of the defendants any prayer authorizing the judgment finally rendered by the court. It is, therefore, obvious that this judgment can not stand. No court can administer relief, either legal or equitable, if the pleadings contain nothing upon which the same can be properly predicated. This proposition is elementary, and requires no argument to show its correctness.

2. It appears, however, from the answers filed in the case, that facts existed showing that a judgment in the form of an equitable decree was absolutely indispensable to a due adjustment of the rights of all the parties before the court. All of them agreed to a reference of the case to an auditor, and it was with their acquiescence and consent heard by him just as if it had been an equitable proceeding with all necessary pleadings. He made his report, and after it was filed the parties all treated it as being properly before the court for disposition. Certain

exceptions were filed to this report, and by the consent of all concerned the judge passed upon the same sitting as a jury. In this manner an adjudication was had upon all the facts, which, properly carried into effect, would have resulted in a complete adjustment of the various equities shown to exist. One thing, and one thing only, was lacking to bring the case to a proper termination, and that was, pleadings authorizing a judgment or decree administering the proper relief to the various parties. We do not think that, under these circumstances, all the good work done in this case should be lost and thrown away. The parties themselves treated and dealt with the case as an equitable proceeding, and, as a consequence, a result has been reached which can, by taking one needed step, be made available for the benefit of all the litigants. That step is to have the plaintiff's petition so amended as that it will support a final judgment giving to each party before the court the relief to which he is entitled. Had such an amendment been duly made, the court's authority to make an equitable disposition of the case would, in view of all the facts, have been unquestionable.

3. There was, of course, no error in refusing to allow the defendant Milner to set up new grounds of defense after the judge had overruled his exceptions to the auditor's report. The action of the judge in overruling these exceptions was, in effect, the same thing as the verdict of a jury. The judge properly so regarded it, and we agree with him in holding that after verdict it is too late for a defendant to amend his pleadings.

4. The final judgment being, as above shown, unauthorized by the pleadings, we are constrained to reverse the judgment of the court below. But we shall give a direction which will preserve and make valid everything which was done down to the point of rendering the final judgment, if the plaintiff will appropriately amend its petition so as to render the same capable of supporting a judgment or decree administering the proper equitable relief to all the parties before the court upon the facts reported by the auditor. If that is done, the report and the order approving the same shall stand affirmed, and the court may proceed to enter a final judgment thereon. If such amend-

ment is not made within the time limited in the direction we have given, the judgment is reversed generally, and a new trial ordered.    We have not closely scrutinized the final judgment which the court actually rendered; and the trial judge, in case the plaintiff makes the requisite amendment as above indicated, will be left free to render another judgment, in terms and effect similar to the one now before us; or, if upon further consideration there should appear to be need for any correction, the same may be made.

*Judgment reversed, with direction.    All the Justices concurring, except Cobb, J., absent.*