SALMON *v.* SOUTHERN RAILWAY COMPANY.

FISH, C. J. 1. It was held in *Southern Railway Co.* v. *Harbin,* 135 *Ga.* 122 (68 S. E. 1103, 30 L. R. A. (N. S.) 404): "In an action against a railway company and its servant, to recover damages for the homicide of the plaintiff's son solely in consequence of the servant's misfeasance, where a verdict is returned finding the servant not liable, but finding in favor of the plaintiff against the railway company, such verdict should be set aside and a new trial granted." Upon a review of the ruling made in that case, in which five Justices concurred and one dissented, the ruling is reaffirmed.

2. Salmon brought an action for personal injuries against the Southern Railway Company and Hopkins, in which the petition alleged that "The said defendants, by their joint and concurrent negligence, as herein described, have endamaged, plaintiff in" a given sum, "and this action is brought jointly against them." "The defendant Hopkins was the engineer in charge of the said engine of the freight-train upon which plaintiff was at work; and all the acts of negligence charged against the railway company were committed by the said other defendant, Hopkins, and the said railway company was negligent through said Hopkins, and said Hopkins was negligent as representing said railway company, and the negligence of the two concurred; and this action is brought therefor." Upon the trial of the action a verdict was rendered in favor of the defendant Hopkins against the plaintiff, and in favor of the plaintiff against the railway company. The railway company alone moved for a new trial, in which motion there was no ground presenting the point that the verdict should be set aside and a new trial granted because the jury by their verdict exonerated Hopkins, the other defendant, whose misfeasance as the servant of the railway company was the sole cause of the plaintiff's injuries. A new trial was refused, and upon review thereof by this court the judgment of the trial judge was reversed and a new trial ordered on the ground of an erroneous instruction ·to the jury. *Southern Railway Co.* v. *Salmon*, 132 *Ga.* 753 (65 S. E. 70). When the case came on for a second trial in the superior court, the court allowed the defendant railway company to amend its answer by setting up in effect that the verdict and judgment rendered on the first trial were conclusive of the non-liability of the railway company, in that it was there found and adjudged that Hopkins, the railway company's servant, whose misfeasance was the sole ground of negligence alleged against the defendant railway company as causing the injuries, was not negligent as claimed.

(*a*) The allowance of such amendment was not error for any of the following reasons urged against it: Because: (1) it was a special plea and not sworn to; (2) it was "a dilatory plea and should have been filed at the first term available after the decision of the Supreme Court;" (3) the railway company had waived the defense set up in the amendment, because the judge on the first trial had instructed the jury that they could find any one of three verdicts, viz.: a verdict in favor of the plaintiff and against the railway company alone, a verdict in favor of the plaintiff against both of the defendants, and a verdict in favor of the defendants; and that such instruction was not excepted to nor complained of in the motion for a new trial made by the railway company; (4) it set up "no defense whatever to this action;" and (5) "the case was called for trial and the parties announced ready before the amendment was tendered."

3. There was no error in the rulings of the court in admitting or rejecting evidence. The evidence submitted demanded a verdict in favor of the railway company on its amended answer, and the court did not err in directing a verdict in behalf of the railway company and in overruling the plaintiff's motion for a new trial.

*Judgment affirmed. All the Justices concur, except Hill, J., not presiding.*

FEBRUARY 17, 1912.

Action for damages. Before Judge Maddox. Floyd superior court. October 19, 1910.

*Lipscomb, Willingham & Wright* and *R. R. Arnold,* for plaintiff.
*Maddox, McCamy & Shumate* and· *George A. H. Harris & Son,* for defendant.