## 8954. BEALL *et al. v.* THE STATE.

BROYLES, P. J. 1. An indictment charging the forgery of a will should be drawn under section 231 of the Penal Code of 1910, and not under section 245.

(a) Such an indictment must allege that the forgery was done *with intent to defraud the State or some person.* Penal Code (1910), § 231. If the indictment does not contain such an averment, it is fatally defective and void, since it charges no offense under the law; and a verdict of guilty is a nullity, upon which no legal judgment can be founded; and after the defendant has been convicted and sentenced he may move to arrest the judgment, notwithstanding he may have failed to demur to the indictment, or to move to quash it.

(b) In such a case, upon a motion to arrest the judgment, the decision of the court is to be rendered solely on what is apparent on the face of the record and the pleadings. The judge can not consider anything that occurred upon the trial, or anything that transpired between the court and counsel prior to the rendition of the judgment, unless it appears in the pleadings or the record. *Loudon* v. *Coleman,* 62 *Ga.* 154; *Herron* v. *State,* 93 *Ga.* 555 (19 S. E. 243); *Gilbert* v. *State,* 17 *Ga. App.* 143 (86 S. E. 415). Of course a court has the right to amend its records so as to make them speak the truth.

2. Under the foregoing rulings and the facts of this case, the indictment was void, and the verdict a nullity, upon which no legal judgment could be predicated; and the court erred in refusing to entertain the motion in arrest of judgment, and in failing to arrest the judgment, the motion to arrest having been made at the same term of court at which the judgment was rendered.

*Judgment reversed. Bloodworth and Harwell, JJ., concur.*
DECIDED OCTOBER 30, 1917.

Indictment for forgery; from Gordon superior court—Judge Tarver. May 31, 1917.

*M. B. Eubanks, T. W. Skelly,* for plaintiff in error.
*J. M. Lang, solicitor-general,* contra.