27958. SOUTHERN RAILWAY COMPANY *v.* NIX.

DECIDED MARCH 14, 1940.

*A. J. Griffin, J. B. G. Logan, Wheeler & Kenyon,* for plaintiff in error.

*E. C. Starke,* contra.

BROYLES, C. J. Mrs. Nix brought a joint action against the Southern Railway Company, Will West and John Mann, the engineer and fireman, respectively, of the company, to recover damages for the homicide of her husband. The trial resulted in a verdict for the plaintiff against the company alone, which in effect was a finding that the engineer and fireman were not liable. The court entered judgment against the company for the amount of the verdict, and a judgment in favor of the other two defendants for the costs incurred by their having been made parties to the suit. The company made a motion for a new trial, which was overruled, and it excepted. Mrs. Nix filed no exception to the judgment in favor of West and Mann. The petition, properly construed most strongly against the plaintiff, shows that the homicide of her husband was caused solely by the joint and concurring negligence of the three defendants. In *Southern Ry. Co.* v. *Davenport,* 39 *Ga. App.* 645 (2) (148 S. E. 171), this court said: "In a joint action against a railway company and its engineer, to recover damages for the infliction of personal injuries upon the plaintiff solely in consequence of the engineer's negligence, a verdict finding the engineer not liable, but finding in favor of the plaintiff against the railway company, is unauthorized and should be set aside. *Southern Ry. Co.* v. *Harbin,* 135 *Ga.* 122 (68 S. E. 1103, 30 L. R. A. (N. S.) 404, 21 Ann. Cas. 1011); *Salmon* v. *Southern Ry. Co.,* 137 *Ga.* 636 (73 S. E. 1062)." In the instant case the evidence demanded a finding that the only acts of negligence which were the proximate cause of the homicide, if there were any such acts, were committed

by the engineer and fireman; and therefore, under the above-stated ruling, the verdict exonerating the engineer and fireman, but finding the railway company liable was unauthorized, and must be set aside.

However, the defendant in error contends that the petition alleged as a proximate cause of the homicide, which allegation was supported by the evidence, a distinct and separate ground of negligence by the railway company, with which the engineer and fireman were not connected, to wit, the failure of the company to erect a blow-post 400 yards from the crossing in question, as required by the Code, § 94-506. We can not agree to this contention. In the petition it was alleged that there *was* a blow-post 400 yards from "said crossing." In an amendment it was alleged merely "that there should be erected a blow-post 400 yards from said crossing," and the original allegation that there was such a blow-post was not stricken by the amendment. Moreover, neither the petition nor the amendment charged that the failure to erect the blow-post was the proximate cause of the homicide. Furthermore, even if the petition had contained such an allegation, the undisputed evidence showed that the failure to erect the blow-post was not the proximate cause of the homicide. It is well-settled law that the erection of a blow-post 400 yards from a railroad crossing, and the giving of crossing signals, are for the protection of persons using the crossing, or who are on the track within fifty feet thereof. The undisputed evidence shows that the deceased, when he was struck by the train, *was not using the crossing,* but was walking on the railroad-track ahead of the train; *that he heard the train coming, and turned and looked back at it,* and then "struck a trot," *and continued on the track until he was struck by the train* about seventeen feet before reaching the crossing. In *Moore* v. *Seaboard Air-Line Ry. Co.,* 30 *Ga. App.* 466 (5) (118 S. E. 471), this court held: "The failure of the engineer to give the signals required by the statute when approaching a public crossing will not impose liability upon a railroad company to a person upon or near the railroad-track who is fully aware of the approach of the train. In such a case failure to give the statutory warning of the approach of the train can not be regarded as the proximate cause of an injury sustained by a person having knowledge of the approach of the train. *Central Railroad* v. *Brinson,* 70 *Ga.* 209; *Central of*

*Ga. Ry. Co.* v. *McKey,* 13 *Ga. App.* 477 (3) (79 S. E. 378)." See *Hunt* v. *Western & Atlantic R.,* 49 *Ga. App.* 33, 35, 3(a) (174 S. E. 222).

Conceding, but not deciding, that the demurrer to the petition was properly overruled, we hold that the verdict, exonerating the engineer and fireman and finding the railway company liable, was unauthorized; and that the refusal to grant a new trial was error.

*Judgment reversed. MacIntyre and Guerry, JJ., concur.*