32361. DeCOFF *v.* NEWMAN.

Decided April 22, 1949.

*Raché Bell, Henry M. Henderson Jr.,* for plaintiff.
*Noah J. Stone,* for defendant.

FELTON, J. ■ In an appeal from the Appellate Division of
the Civil Court of Fulton County to this court, the bill of excep-
tions must be presented for certification within twenty days
from the date of the judgment complained of. *Royal Millinery
Co.* v. *Elgin Hat Co.*, 193 *Ga.* 328 (18 S. E. 2d, 468); s. c., 66 *Ga.
App.* 734 (19 S. E. 2d, 185); Ga. L. 1946, pp. 726, 734. Since the
certification of the bill of exceptions was within twenty days
from the judgment complained of, the motion to dismiss the
writ of error is denied.

■ On the trial of this case, which involved issues made by a
counter-affidavit to a distress warrant, the grounds of which
were that the tenants had failed to pay the rent when due and
were holding over beyond the term of rental, the jury found in
favor of the plaintiff the premises in dispute, and made no finding
as to double rent. Assuming that the judgment could under
some circumstances be subject to amendment after the term at
which it was rendered so as to make it conform to the record, it
cannot be amended in this case because a consideration of the
evidence is necessary to ascertain whether the rental value of
the premises was proved as a matter of law. The brief of the

evidence in a case is not a part of the record under Code §§ 110-702 and 110-703. 30 Am. Jur. 848, § 57, note 9 and citations. The brief of evidence does not become a part of the record until a motion for a new trial is made or a direct appeal filed, then only for purposes of the hearing of the motion or appeal. A good illustration of this fact is that, in a case involving an estoppel by judgment, whether a certain point was actually litigated or not is a question of fact for a jury and not for the court from the brief of evidence. *Foy* v. *McCrary*, 157 *Ga.* 461 (121 S. E. 804).

It is well settled that a judgment can not be vacated on account of grounds which should have been taken advantage of before judgment. *Alexander* v. *Slear*, 177 *Ga.* 101 (169 S. E. 304) ; *Barksdale* v. *Greene*, 29 *Ga.* 418, and cases cited in footnote. It would seem that the same principle applies to an omission of a jury to make a finding on an issue in a case on trial. It may be, and we make no ruling on the question, that where the evidence demands a certain finding, a motion for a new trial would reach the question; but, in any event, the only remedies which the complaining party has in such a case is either to have the jury return to its deliberations to make the required finding or file a motion for a new trial, assuming that the latter course could be taken. The ruling in *Frazier* v. *Beasley*, 59 *Ga. App.* 500 (1 S. E. 2d, 458), to the effect that the court was right in amending the verdict in the first instance, is obiter dictum.

Act of 1947 (Ga. L. p. 657), provides that the judgment in such a case shall also provide for the payment of future double rent until the tenant surrenders possession of the premises. Whatever may have been true before the act of 1947, supra, the judgment should include future double rent at the rate found by the jury to be due as double rent. Even if the plantiff was entitled to double rent as a matter of law on the trial, the jury's failure to find any amount could be corrected only by having the jury sent back to its room to make the finding or by a motion for a new trial. It is not contemplated by said act of 1947 that there should be more than one trial of the issue of the amount of double rent. If the plaintiff does not obtain a judgment for double rent up to the time of trial, he will be precluded from

thereafter doing so by a separate proceeding to amend the judgment in an effort to correct an omission in the original trial, such as exists under the facts of this case.

The Appellate Division of the Civil Court of Fulton County did not err in affirming the trial court's refusal to amend the judgment so as to include double rent, past and future.

*Judgment affirmed. Parker, J., concurs. Sutton, P. J., concurs in the judgment.*