33471. RELIABLE TRANSFER COMPANY INC. *v.*
GABRIEL *et al.*
33472, 33478. FRANK E. GABRIEL *v.* RELIABLE
TRANSFER COMPANY INC. *et al.;* and *vice versa.*
33477. RELIABLE TRANSFER COMPANY INC. *v.*
MALONE *et al.*

Decided May 11, 1951. Rehearing denied June 1, 1951.

58

*Harris, Chance & McCracken, John M. Slaton,* for Reliable Transfer Co. *et al.*

*Westmoreland & Westmoreland, Woodruff, Swift & Dorsey,* for Gabriel *et al.*

*William B. Spann Jr., Alston, Foster, Sibley & Miller,* for Malone.

GARDNER, J. 1. We will deal with the order denying the motion by the transfer company to arrest and set aside the verdict and judgment for $10,000 in favor of Gabriel, and the order and judgment refusing to set aside the verdict and judgment in favor of Malone for $15,000. Both of these findings of the jury and the judgment entered thereon were against the transfer company, plaintiff in error here, and the grounds of attack made by it upon them are the same. It is urged that, while Malone did not sue the driver of its tractor along with the transfer company, although Gabriel did seek to join the driver Proctor in a cross-action, filed with his plea and answer in the case of Malone against the transfer company and against Gabriel, all the cases were by consent consolidated into one proceeding and were thereafter to be regarded as one case, and that the negligence on which both Malone and Gabriel predicated their right to recover against the transfer company and on which Gabriel likewise predicated his right to recover against Proctor in the cross-action referred to, being the same, and being the alleged negligence of Proctor, the driver of the truck of the transfer company, his employer, and being such negligence as would have to be imputed to it in order for it to be liable in the premises, when the jury did not find against the driver of its said truck but only against it in finding in favor of Malone and

in favor of Gabriel for the $15,000 and the $10,000 sums, respectively, that such findings and verdicts became mere nullities in that there could be no finding against it until there had been a finding that the driver of its truck, its employee, was negligent in the operation of the truck. The transfer company contends that unless the driver of the truck was negligent as charged by Malone and Gabriel, same being negligence in the operation of the truck of the transfer company, which negligence would be imputable to it, there could be no finding against it in favor of Malone and of Gabriel. The transfer company cites *Southern Railway Company* v. *Davenport,* 39 *Ga. App.* 645 (148 S. E. 171), where this court held that where the petition showed that the injuries sued for were caused by the negligence of the defendant railroad company's engineer, the negligence of the defendant depended upon the finding that the engineer was negligent as charged. To the same effect, see *Southern Railway Company* v. *Nix,* 62 *Ga. App.* 119 (8 S. E. 2d, 409). It is true that where the sole proximate cause of the injuries sued for was the negligence of the employee, that to find the employer liable it must be found that the employee was negligent as charged, and that where in such a case there is a finding that the employee whose negligence it must be found was imputable to the employer, was not negligent, a verdict against the employer would not stand. However, as we view the present case, this principle of law is not applicable for several reasons: First, the alleged negligence of the driver of the truck as to the speed of the tractor and trailer and as to pulling out in the pathway of the pick-up truck of Malone or of the Gabriel car just behind it, was not the sole negligence contributing to the injuries sued for by Malone and by Gabriel in his counter suit. Both Malone and Gabriel charged that the transfer company was negligent as a matter of law in that Proctor, its driver, had been permitted by it to operate said tractor and trailer continuously for fifteen and one-half hours, in direct violation of a Rule of the Georgia Public Service Commission (Rule 15, Ga. Public Service Commission) and of a regulation of the Interstate Commerce Commission, Ex Parte No. MC-2, ICC, January 27, 1939, effective March 1, 1939; 4 F. R. 475, as amended, under which rules and regulations it was unlawful

for the employer to permit or require a driver of one of its vehicles to operate same more than ten consecutive hours, and it was alleged by amendments of Malone and Gabriel that this had been done by the transfer company and that such driver thereby became fatigued and physically unfit and unable to operate said truck with due care and diligence and to keep a proper lookout and that same caused him to cross over the center line of the highway and in the pathway of the oncoming motor vehicles of Malone and Gabriel. This was the situation in the case of Dixie Ohio Express *v.* Poston, 170 Fed. (2d) 446, cited by counsel for Malone,—a case involving a somewhat analogous situation. Conceding, therefore, under the facts of this case under consideration, that the verdicts in favor of Malone and Gabriel are improper and illegal, if based upon the doctrine of respondeat superior, and that this doctrine would be applicable as to both Malone and Gabriel, and that the jury in this case had exonerated Proctor as to the negligence charged as to him, which would relieve the transfer company, this principle does not apply where, as in the Dixie Ohio Express case, supra, and as in the present case, there is negligence apart from the negligence of the employee or servant of the transfer company, Proctor, which may be imputed to the transfer company, in order to hold it responsible and liable for the verdicts found. This "principle did not include a master who was also guilty of negligence independently of that of the servant." Dixie Ohio Express *v.* Poston, supra. There was evidence, and the jury were authorized to find, that the violation of the rules and regulations above mentioned by the transfer company contributed to and was a proximate cause of the collision which resulted in the injuries received by Malone and by Gabriel, and that hence the doctrine insisted upon by the transfer company does not control here.

A violation of a safety rule of the Georgia Public Service Commission by a motor carrier subject to its jurisdiction is negligence per se and may be the basis of recovery against such a carrier if the violation was a proximate cause of the damage to the plaintiff, as we noted above. *Maner v. Dykes,* 55 *Ga. App.* 436, 440 (190 S. E. 189). Were we to hold otherwise, it would, in effect, nullify the benefits of such a regulation to the

public generally. And if we were to so rule, as contended for by the Reliable Transfer Company Inc., it would insulate the common carrier against all negligence except that negligence which is based upon the principle of respondeat superior.

The above being true, it is not necessary to determine whether Malone, who did not sue Proctor, is bound because of the consolidation of the cases by consent, and that the case was like one in which Malone had sued the driver of the truck and the master in the same action.

The fact that Gabriel charged that Proctor, the driver, was negligent in violating these rules and regulations, along with the transfer company, in that he should not have continued on duty after ten continuous hours had elapsed, does not alter the situation. The jury were amply justified in finding, as they doubtless did find, that the carelessness and negligence of the driver, Proctor, in the operation of the tractor, was attributable to his fatigue, which was caused by the long time which he had been continuously on the road and driving said tractor and heavy trailer in carrying out his employment with the transfer company, and that without this condition of fatigue, the driver of said truck would not have been guilty of the negligence charged in the operation of the truck and trailer, which caused him to get in the pathway of the oncoming motor vehicles of Malone and of Gabriel.

The consolidation of these cases into one proceeding, to simplify the determination of the controversies growing out of this collision, does not render this case an equitable proceeding. There is no question involved as to the granting or refusing to grant any injunction or involving any other special matters of equitable jurisdiction.

In treating these cases as one and applying to them principles of law which are controlling under the facts, the verdicts of the jury complained of in the motions to arrest and set aside are not erroneous for any of the reasons assigned and on which they are attacked by the plaintiff in error, the Reliable Transfer Company Inc., and such verdicts in favor of Malone and Gabriel are authorized under the evidence.

2. The verdict in favor of Malone and against the transfer company was not excessive, and a new trial should not be granted

for this reason as a matter of law. The evidence authorized the jury to find that Malone was painfully and seriously hurt and injured in this wreck, and that his Ford pick-up truck, worth $1500, was completely demolished.. There was evidence that his injuries necessitated much medical care and hospitalization and that there was a brain injury that necessitated trepanning and the placing of a metal plate in his. skull. There is evidence that he suffered excruciating pain and agony. This court cannot say that the evidence did not authorize the jury to find a verdict for $15,000 and undertake to set the same aside. The verdict was authorized and is not excessive.

3. As applied to the action of Malone as against the transfer company, the court did not err in refusing the following written request to charge: "I charge you that any person operating a motor vehicle upon a public highway while under the influence of intoxicating liquors, and his mental condition produced by such intoxicating liquors, lessens his judgment and capacity to safely operate said vehicle and if said condition contributed to the accident for which suit is brought, you shall find for the defendant (transfer company) as against such person operating the motor vehicle while under the influence of intoxicating liquors." The charge of the court as a whole was adequate and covered all the issues in the case, including whether or not they found that the car of Malone was being operated by him under the influence of intoxicants. The condition of Gabriel was not chargeable to Malone in any way.

What we have just said applies to the request embodied in the 9th amended ground of the motion for new trial of the transfer company as to Malone, that "to be under the influence of intoxicating liquors means simply that the mental or physical capacity or the judgment of the person so operating the vehicle is substantially lessened." The court amply charged the jury on the question of driving an automobile under the influence, of intoxicants. Besides, this motion for new trial was as to the verdict and judgment in the present case insofar as Malone was concerned. The record does not disclose that the transfer company made a motion for new trial as to the verdict and judgment as it involved Gabriel. As to Gabriel, the transfer company relied on the motion to arrest and set aside, which we

have held was not well taken. Therefore, the intoxication of Gabriel, if there was any, is not involved.

4. There was no error as to the transfer company in the refusal of the judge to give in charge the written request submitted by it: "While plaintiff, Malone, does not insist upon the second count of his petition, at the same time this count is before you in this petition as evidence to be given consideration by you as you see fit." This refusal presents no cause for reversal as to Malone.

5. The transfer company contends that the court erred in refusing, as requested, to charge that "The speed limit of automobiles in Georgia is 55 miles per hour, and if you find any of the parties in this cause were driving at the time of the collision in excess of this speed, such parties were guilty of negligence as a matter of law." The charge of the court as to the contentions of the parties and the issues involved was adequate and covered the same substantially. Had the jury found in the case at bar that Malone or Gabriel, either one, had approached the point where the accident occurred at a speed in violation of the law, a verdict in favor of the company would not have been demanded as a matter of law, and the finding of the jury in favor of Malone and in favor of Gabriel would not as a matter of law have been contrary to law. We do not have the contributory negligence doctrine in this State, but the doctrine of comparative negligence. The jury could have found that either Malone or Gabriel was not free of care as regards the collision, yet have found as they did, that the negligence of the transfer company outweighed any negligence on their part. The failure to so charge does not require a new trial.

6. The failure of the court, as contended in special ground 13, to charge: "The parties are bound by the allegations in their pleadings," is not error. This states a correct abstract principle. However, this ground is not complete. It does not appear how the failure of the court to so charge the jury constituted such harm to the plaintiff Malone or to Gabriel as to amount to error. It does not appear how the allegation in the petition of Malone that Gabriel attempted to pass him at the time of collision while going at a speed of 70 miles an hour affected the finding of the jury in favor of Malone.

7. The transfer company complains in special ground 15 that a new trial should be granted as to the case of Malone against it in that it requested the court to charge "that if a vehicle approaches sudden danger or an emergency on the highway and there is a reasonable chance for the driver to avoid a collision with another vehicle that it is the duty of the driver to do everything reasonably possible to avoid the collision, and failure to do so amounts to negligence on the part of the driver and he is not entitled to recover damages for the collision," and that the trial judge failed to give said request. The issues made by the pleadings and evidence were covered fully by the court in its charge. No error appears as to the above request. Under the facts, the jury were authorized to find that after the driver of the tractor and trailer turned into the pathway of the Ford truck of Malone, behind which was the automobile of Gabriel, that there was no opportunity available to Malone to do more than he did, that he did not have time to swerve around this large trailer and the tractor pulling it, or sufficient room, and that he could not have applied the brakes, after discovering the conduct of the driver of the tractor and trailer, and have stopped before the impact.

8. The refusal of the court to charge as complained of in the 16th and 17th special grounds of the motion for new trial as to Malone is to the effect that if the jury found Malone and Gabriel failed to check their speed as they approached the bridge and passed the intersections, that would be negligence, is not error.

It is nowhere set out therein that these principles were applicable and were authorized under the pleadings and the evidence, nor is it claimed that they were not adequately covered by the charge of the court as given, which charge was full and accurate. It does not appear how the failure of the court to so charge rendered the verdicts of the jury as to Malone or as to Gabriel erroneous.

Even if the jury found that Malone or Gabriel were not in the exercise of proper care and diligence as they approached the bridge and the place where the collision took place, and did not reduce the speed of their respective motor vehicles, this, under the comparative negligence rule would not have rendered

the verdicts in their favor without evidence to support the same, and contrary to law.

The same applies to the failure of the court to charge as requested in the 18th special ground. See *Monroe* v. *Warten Cotton Company*, 29 *Ga. App.* 358 (115 S. E. 279).

The court did not err in failing to charge the jury as follows: "I charge you that the existence of a fact testified to by one positive witness is to be believed rather than that such fact did not exist because many witnesses who had the same opportunity of observation swore that·they did not see or know of its having existed. This rule shall not apply when two parties having equal facilities for seeing or hearing a thing, one swears that it occurred, the other that it did not."

This charge was requested and error is assigned in ground 18 on the failure of the court to so charge. The failure of the court to charge this principle,· under all of the facts of this case, and the charge as given, does not require a reversal.

9. The refusal of the trial court, set out in special ground 19, to charge the written request that "no matter how serious the injuries to any of the parties may have been, if the same were caused by their own negligence, or without negligence on the part of the opposing party, you shall not consider the seriousness of the injuries, but shall find for the defendants," is not error for any reason assigned. Said statement is argumentative and is not a complete and accurate statement of the law. Under our comparative negligence rule, prevailing in Georgia, the jury might have found either Malone or Gabriel lacking in ordinary care in some particulars, yet if they did not find that their negligence outweighed that of the transfer company and its driver, or did not find that their injuries were due entirely to their own failure to exercise ordinary care in the premises, they could find for the said plaintiff Malone or for Gabriel, or both. The evidence did not demand a finding that any alleged negligence of Malone or of Gabriel was the sole cause of the collision, that is, that they were entirely at fault in the premises.

10. There is no merit in the 21st special ground that the court erred in refusing to charge that "If the accident did not happen substantially as alleged, there can be no recovery." It

is believed and insisted that Malone and Gabriel swore that they thought the accident happened upon the bridge when the great weight of the evidence shows that it happened north of the bridge.

The evidence was conflicting as to the exact spot where the collision occurred. As to the place where it occurred, that was a jury question. Under the whole evidence in this case it would have been improper if not reversible error to have so charged the jury, in the event Malone or Gabriel failed to recover.

11. The court did not err, as complained of in special ground 22, in charging the jury that "Then he sues for lost time which he says was occasioned by reason of the injuries received. He says petitioner's loss of earnings in his business amounted to $1000. His capacity to labor and earn money has been permanently impaired to the extent of one half and this will add further to his loss from his business which, prior to his injury, amounted to $10,000 annually. If he shows to you with a reasonable degree of clarity that he lost time from his business and it was occasioned by any injury he received, provided you find he is entitled otherwise to recover, this is an item on which you may award damages. Now, gentlemen, as to his claim for future impairment of his capacity to labor and earn money, this presents a question for your determination. You will first decide from the evidence whether his injury is permanent, that is, will it continue as long as he lives, or whether it will get well and leave him able to work and to earn money as he did before, but if you believe that it is permanent and will continue to last as long as he lives, provided you find he is otherwise entitled to recover, then he would be entitled to recover damages for his future impairment to his earning capacity and future impairment to his capacity to labor and earn money, if the evidence shows the extent of such impairment and reasonable facts upon which you can make a calculation as to the loss upon this specification. Your method of determining this would be to say, if you believe the injuries permanent, to what his capacity to earn has been impaired if at all (he alleges it as one half), that is how much less per annum he would be able to earn on account of the injuries than he would have earned if he had not been injured." This charge was not subject to the criticism that

there was no proof on the subject of permanent or future impairment of Malone's earning capacity. We have carefully examined the evidence before the jury and the issues made, and the charge of the court as a whole, and we find no error in this excerpt. The evidence warranted this charge. See *Callaway* v. *Pickard,* 68 *Ga. App.* 637, 646 (23 S. E. 564).

12. Frank E. Gabriel, in his amended motion for new trial, complains that the verdict and judgment in this case in his favor for $10,000 is so small as to show bias and prejudice on the part of the jury against him and that under the facts presented he was as a matter of law entitled to a verdict and judgment for a larger sum. We have carefully examined the evidence in the case, and while the same would have authorized and justified a verdict for a larger sum, such a verdict was not, by any means, demanded. There was negligence charged as to Gabriel, and the jury were authorized under the facts presented to find that Gabriel was not entirely free from fault in the premises, in which event they would be justified, under the comparative negligence theory and doctrine prevailing in this State, to diminish the recovery as to Gabriel accordingly. The jury could find, as the jury likely did, that while Gabriel was not in the exercise of proper care in the premises, his negligence was not such as to preclude a recovery, and that the negligence of the transfer company was greater than any negligence on his part, and the jury then could have fixed the amount of their verdict as to him accordingly.

None of the other assignments of error contained in the amendment by Gabriel as to his motion for new trial requires the grant of a new trial. The verdict of the jury was in his favor and in these circumstances none of the alleged errors was harmful to him.

13. Applying the rulings made above, the judgment in the bill of exceptions in case No. 33471, wherein error is assigned on the denial by the court on the motion of the Reliable Transfer Company to arrest the verdict and judgment as to the transfer company in favor of Frank E. Gabriel, is affirmed; the judgment of the court in case No. 33477, same being the judgment overruling the amended motion for new trial by the transfer company against the plaintiff, Malone, is affirmed; the judg-

72

ment of the court in case No. 33472, being the direct bill of exceptions to this court in which Frank E. Gabriel assigns error on the judgment of the trial court overruling and denying his motion for new trial, is affirmed; and the judgment in case No. 33478, being the cross-bill of exceptions wherein the Reliable Transfer Company assigned error on the motion in arrest of judgment as to Gabriel, is dismissed.

*Judgments affirmed. Cross-bill of exceptions dismissed. MacIntyre, P.J., and Townsend, J., concur.*