40192.   GRIER v. DONNER.

DECIDED JUNE 28, 1963.

*Jack Broyles, Murray C. Underwood,* for plaintiff in error.
*Fine & Rolader, D. W. Rolader, A. J. Block,* contra.

RUSSELL, Judge. 1. Under *Code* § 110-702 a motion in arrest of or to set aside a judgment will lie only for a defect which is not amendable and which appears on the face of the pleadings. Any such motion going to matters not appearing on the face of the record is governed by the same rules of practice as motions for a new trial, and must contain a brief of evidence in every case where a motion for a new trial would need such brief of evidence; that is, all cases unless they happen to fall within the purview of *Code Ann.* § 70-301.1. *Perry v. Maryland Cas. Co.,* 102 Ga. App. 475 (1) (116 SE2d 620). The question posed here, which is whether this verdict is sustainable under any view of the pleadings and evidence, necessarily depends upon evidence. So far as the pleadings are concerned, it is obvious that if the evidence showed, in favor of the plea of estoppel by judgment, that the plaintiff had recovered part of the rent for which he now sues under a prior proceeding distraining for rent, or if it had been shown in that case that he was not entitled to a part of the rent for some other reason, then the amount which he could legally recover in this case would be controlled thereby. Without a brief of the evidence it cannot be said from the pleadings alone that the verdict is necessarily illegal because it is a compromise verdict not sustainable under any view of

128

the pleadings and evidence. The defect in the proceedings, if it exists, cannot be reached without a brief of the evidence. As to a motion in arrest of judgment "face of the record" does not include the transcript of evidence, *DeCoff v. Newnan*, 79 Ga. App. 162 (2), (53 SE2d 134), and there is no brief of evidence here.

The trial court properly overruled the motion in arrest of judgment.

*Judgment affirmed. Felton, C. J., and Eberhardt, J., concur.*