41875. ADAMS, Chairman, et al. v. MORGAN et al.

ARGUED MARCH 7, 1966—DECIDED JUNE 22, 1966—REHEARING
DENIED JULY 19 AND JULY 28, 1966—

*Robert E. Knox, Fulcher, Hagler, Harper & Reed, J. Walker Harper,* for appellants.

*Randall Evans, Jr., John D. Capers,* for appellees.

PANNELL, Judge. ■ Appellees have moved to dismiss the appeal because of the failure of the appellant to file a copy of the enumeration of errors with the clerk of the trial court in accordance with § 14 of the Appellate Practice Act of 1965, as amended by § 2 of the Act approved March 24, 1965 (Ga. L. 1965, pp. 18, 29; Ga. L. 1965, pp. 240, 243; *Code Ann.* § 6-810), which requires that a copy of the enumeration of errors shall be filed in the trial court "simultaneously" with the filing of the original in this court. This section also provides that "errors not enumerated according to this section shall be disregarded." In our opinion, the requirement in this section that a copy of the enumeration of errors be filed with the clerk of the trial court is not jurisdictional but directory only, and, for that reason, the appeal should not be dismissed. We do not reach this conclusion because of the provisions of § 13 (b) of the Appellate Practice Act of 1965, as amended (Ga. L. 1965, pp. 18, 29; Ga. L. 1965, pp. 240, 243; Ga. L. 1966, pp. 493, 500, § 10; *Code Ann.* § 6-809 (b)), which provides that no appeal shall be dismissed except for certain stated reasons, the failure to file an enumeration of errors with the clerk of the trial court not being one of them. If such failure to file the enumeration of errors

with the clerk of the trial court were a failure to meet necessary jurisdictional requirements so as to prevent this court from acquiring jurisdiction of the appeal, the fact that § 13 (b) of the Appellate Practice Act might forbid the dismissal for such reason would not be controlling. Under these circumstances, an appeal would have to be dismissed irrespective of the provisions of § 13 (b), which purports to say that the court cannot.

Having reached the conclusion that the failure to file the enumeration of errors in the trial court within the time required is not jurisdictional but directory, and that the appeal is not subject to dismissal, it then becomes necessary to determine whether the enumeration of errors can be considered by this court in view of the fact that the Appellate Practice Act of 1965 as amended provides that the enumeration of errors shall be filed in the appellate court and the trial court, and provides further that "errors not enumerated according to this section shall be disregarded." We do not think that this should be construed to mean that an enumeration of errors not filed in the lower court shall be disregarded by this court when it is filed in this court within the time required, it being our opinion that the requirement that the enumeration of errors be filed in the trial court is merely directory and does not prevent the consideration of the errors enumerated and *properly filed in this court* within the time required.

■ "When a judgment has been rendered, either party may move in arrest thereof, or to set it aside for any defect not amendable which appears on the face of the record or pleadings." *Code* § 110-702. "A motion in arrest of judgment differs from a motion for a new trial, in this: The former must be predicated on some defect which appears on the face of the record or pleadings, while the latter must be predicated on some extrinsic matter not so appearing. It also differs from a motion to set aside a judgment, in this: The motion in arrest of judgment must be made during the term at which such judgment was obtained, while a motion to set it aside may be made at any time within the statute of limitations." *Code* § 110-703. "If the pleadings are so defective that no legal judgment can be rendered thereon, the judgment will be arrested or set aside." *Code* § 110-704. "A

judgment may not be arrested or set aside for any defect in the pleadings or record that is aided by verdict or amendable as matter of form." *Code* § 110-705.

The motion in the present case is termed a motion in arrest of judgment, and this is what it appears to be, as it makes no attack upon the verdict but only on the judgment based on the verdict, nor is the motion predicated on any extrinsic matter not appearing on the face of the record or pleadings, such as the lack of evidence. Ordinarily, a motion for new trial is required where a motion is made to set aside a judgment, based solely upon matters of evidence or want of evidence, and if the motion is denominated a motion in arrest or motion to set aside, it will be considered a motion for new trial if it meets the requirements of attacking the verdict. *Holmes v. Reville,* 27 Ga. App. 552 (2) (109 SE 417). There is no attack upon the verdict here, but the attack is limited solely to the judgment on the grounds that the pleadings and the record show the judgment (based solely upon and in conformity with the verdict finding against the appellant) is improper upon the application of the principle "that a verdict exonerating the servant in a joint action brought against the master and the servant for damages caused solely by the negligence of the servant requires a verdict for the master also." See *Roadway Express, Inc. v. McBroom,* 61 Ga. App. 223, 226 (6 SE2d 460); *Southern R. Co. v. Harbin,* 135 Ga. 122 (68 SE 1103, 30 LRA (NS) 404, 21 AC 1011); *Salmon v. Southern R. Co.,* 137 Ga. 636 (73 SE 1062); *Southern R. Co. v. Davenport,* 39 Ga. App. 645 (148 SE 171); *Southern R. Co. v. Nix,* 62 Ga. App. 119 (8 SE2d 409). These cases merely hold that where an action is brought against a master and a servant based upon the negligence of the servant attributable to the master under the doctrine of respondeat superior, a verdict finding only against the master and releasing the servant may be set aside, where the pleadings *and the evidence* fail to allege or show any independent negligence of the master which could have supported the verdict. The application of this principle in its final analysis must rest solely upon the question of whether or not there be *evidence* of independent negligence of the master sufficient to support a verdict against the master where the jury has found

the servant not negligent and not liable. If there be such evidence the pleading may be amended, and the verdict in the absence of the amendment cures the amendable defect. In the face of this, we cannot apply the rule without any consideration of the evidence. However, since there is no attack upon the verdict but only on the judgment, a consideration of the evidence is not involved in the present appeal which is based upon the denial of a motion in arrest of judgment. There being no attack on the verdict in the motion, and no enumeration of error attacking the verdict because of lack of evidence or for any other reason, no consideration of the evidence is necessary, and there being no attack on the verdict, the verdict must stand. The judgment being authorized by the verdict and in conformity therewith and not being void or unauthorized because of any defect not amendable appearing on the face of the record or void for any reason assigned, there was no error on the part of the trial court in sustaining the demurrer to the motion in arrest of judgment or in entering judgment on the verdict. See *Clark's Cove Guano Co. v. Steed,* 92 Ga. 440 (17 SE 967) ; *Ayer v. James,* 120 Ga. 578 (48 SE 154).

In *Sanders v. Beyer,* 94 Ga. App. 46 (93 SE2d 348), this court, speaking through Chief Judge Felton, said: "A judgment based on the jury's verdict cannot be set aside by a motion to set aside as long as the verdict upon which the judgment is based stands and has not been set aside by proper procedure (*Buchanan v. Nash,* 211 Ga. 343 (86 SE2d 111)) ; therefore, the court erred in setting aside the judgment since it was based on a jury's verdict which had not been set aside. The motion to set aside did not amount to a motion for a new trial. The court erred in denying the motion to dismiss the motion to set aside and in setting aside the judgment."

In *Grier v. Donner,* 108 Ga. App. 126 (132 SE2d 81), it was said: "1. Under *Code* § 110-702 a motion in arrest of or to set aside a judgment will lie only for a defect which is not amendable and which appears on the face of the pleadings. Any such motion going to matters not appearing on the face of the record is governed by the same rules of practice as motions for a new trial, and must contain a brief of evidence in every case

where a motion for a new trial would need such brief of evidence; that is, all cases unless they happen to fall within the purview of *Code Ann.* § 70-301.1. *Perry v. Maryland Cas. Co.*, 102 Ga. App. 475 (1) (116 SE2d 620). The question posed here, which is whether this verdict is sustainable under any view of the pleadings and evidence, necessarily depends upon evidence. So far as the pleadings are concerned, it is obvious that if the evidence showed, in favor of the plea of estoppel by judgment, that the plaintiff had recovered part of the rent for which he now sues under a prior proceeding distraining for rent, or if it had been shown in that case that he was not entitled to a part of the rent for some other reason, then the amount which he could legally recover in this case would be controlled thereby. Without a brief of the evidence it cannot be said from the pleadings alone that the verdict is necessarily illegal because it is a compromise verdict not sustainable under any view of the pleadings and evidence. The defect in the proceedings, if it exists, cannot be reached without a brief of the evidence. *As to a motion in arrest of judgment 'face of the record' does not include the transcript of evidence* (*DeCoff v. Newman*, 79 Ga. App. 162 (2) (53 SE2d 134)) and there is no brief of evidence here. The trial court properly overruled the motion in arrest of judgment." (Emphasis supplied).

In *Mell v. McNulty*, 185 Ga. 343 (195 SE 181), the Supreme Court said: "The right of a creditor, under § 110-711, to attack the judgment of another creditor because of an alleged 'defect appearing on the face of the record or pleadings' does not extend to mere 'irregularities previous to the judgment; [but] the defects . . must be such as are not amendable.' *Stanford v. Bradford*, 45 Ga. 97; *Chapman v. Taliaferro*, 1 Ga. App. 235 (3) (58 SE 128). The rule is thus the same as that which controls on a motion in arrest or to set aside a judgment, in that the defect must be one which was 'not amendable.' On a motion in arrest, a petition, although defective and although subject to general demurrer, in that it omits to set forth all the necessary ingredients of a cause of action, will not render the judgment based thereon subject to this technical statutory remedy, unless it be that the petition affirmatively shows on its face that a cause

of action did not in fact exist, or that the petition is so utterly defective that it could not be amended at all, or that the defect in the petition is of such character as renders unenforceable or meaningless the verdict and judgment based thereon. This is for the reason that, save for the exceptions stated, the defects in the pleadings are cured by verdict, *on the theory that there is a conclusive presumption that the jury had before it sufficient evidence to authorize the verdict on every essential ingredient necessary for its rendition, which would have been admissible or relevant under any proper amendment. Barclay v. Kimsey,* 72 Ga. 725, 737; *Winn v. Lunsford,* 130 Ga. 436, 439 (61 SE 9); *Rollins v. Personal Finance Co.,* 49 Ga. App. 365, 366 (175 SE 609), and cit.; *Hayes v. American Bankers Insurance Co.,* 46 Ga. App. 552 (167 SE 731), and cit.; *Watkins Co. v. Herring,* 51 Ga. App. 396 (3) (180 SE 525)." (Emphasis supplied). See also, *Durham v. Pitts,* 101 Ga. App. 437, 439 (114 SE2d 217).

Rulings to the contrary in *Kalil v. Spivey,* 70 Ga. App. 84, 90 (3) (27 SE2d 475), are hereby overruled, as they are in conflict with older adjudicated cases of this court and the Supreme Court and in conflict with *Code* § 110-705.

There was no error in sustaining the general demurrer to the amended motion in arrest of judgment.

*Judgment affirmed. Nichols, P. J., Frankum, Jordan and Deen, JJ., concur. Felton, C. J., Bell, P. J., Hall and Eberhardt, JJ., dissent.*

FELTON, Chief Judge, dissenting. "It has been repeatedly held that a verdict exonerating the servant in a joint action brought against the master and the servant for damages caused solely by the negligence of the servant requires a verdict for the master also." *Roadway Express, Inc. v. McBroom,* 61 Ga. App. 223, 226 (6 SE2d 460); *Southern R. Co. v. Harbin,* 135 Ga. 122 (68 SE 1103, 30 LRA (NS) 404, 21 AC 1011); *Salmon v. Southern R. Co.,* 137 Ga. 636 (73 SE 1062); *Southern R. Co. v. Davenport,* 39 Ga. App. 645 (148 SE 171); *Southern R. Co. v. Nix,* 62 Ga. App. 119 (8 SE2d 409). In the present case the proximate cause of the overturning of the truck was alleged to be the joint and concurring negligence of the defendant drivers of the two vehicles. If this was the sole proximate cause, then it is ap-

parent, under the above cases, that the jury's verdict in favor of the two drivers necessarily required a verdict for the appellant-masters on the theory of respondeat superior. Liability was sought to be imposed on appellants not only under respondeat superior, but also on the basis of their alleged negligence in *knowingly hiring an incompetent driver*. Even if such allegation was proved by the evidence, however, in order for appellants' negligence to have been the sole or a concurring proximate cause of the mishap it must be found that the appellants' driver was negligent resulting from the incompetency *at the time of the mishap*. *McKinney v. Burke,* 108 Ga. App. 501, 504 (2) (133 SE2d 383), and citations.

In the case of *Reliable Transfer Co. v. Gabriel,* 84 Ga. App. 54 (65 SE2d 679), one division of this court held that a verdict against a master, who was guilty of negligence per se in permitting his co-defendant driver to operate his truck continuously for longer hours than was permitted by a rule of the Public Service Commission of Georgia, was not void because the jury found that the servant was not negligent. The court recognized that there were allegations and evidence of the servant's negligence in violating the rule, but justified the jury's inconsistent verdict on the basis that his negligence was caused by his fatigue, which, in turn, assumedly was caused by the master's negligence in causing and permitting the violation. This holding does violence to the rules of proximate cause and intervening cause in that it regards the servant driver as a mere unreasoning, completely subservient instrumentality by means of which the master perpetrated his negligence per se. It overlooks the possibilities of a driver's exercising his own judgment and refusing to violate the rule and of some drivers' still being alert notwithstanding such long hours. In other words, the collision could not have occurred but for the negligence of the servant-driver; therefore a finding in favor of him must indicate that he was not negligent, from which it follows that the negligence of the master could not have been the proximate cause. This point was made in the dissent to the case of *Moffett v. McCurry,* 84 Ga. App. 853, 867 (67 SE2d 807), in which it was stated that *"Reliable Trans. Co. v. Gabriel,* supra, violates the principle of older cases from this

court and the Supreme Court because in that case the jury found
the defendant master liable because of negligence which under the
jury's finding could not have been the proximate cause of
the injuries." In *Moffett v. McCurry*, supra, p. 866 (10), it is
stated that the cases cited for the proposition set forth at the
beginning of this dissent "have no application where there is any
evidence authorizing the jury to find that the master was negli-
gent independently of his servant-codefendants. *Southern R. Co.
v. Garland*, 76 Ga. App. 729 (47 SE2d 93); *Reliable Transfer
Company v. Gabriel*, 84 Ga. App. 54 (65 SE2d 679)." Insofar as
the *Reliable Transfer* case, the *Moffett v. McCurry* case, the
*Southern R. Co. v. Garland* case, or any similar cases hold or
imply, as they appear to do, that the master's negligence in such
cases need not be the proximate cause, they should be specifically
overruled.

Accordingly, the judgment absolving the appellants' servant
but holding the master liable is contradictory and is therefore a
nullity. The appellants' motion was not a motion for a new
trial—it was not denominated as such. The verdict, correctly
construed, was in favor of the appellants. Regardless of whether
it was a motion in arrest of the judgment or a motion to set aside
the judgment it was timely filed, as it was filed during the term
at which the judgment was obtained, and it was predicated on a
defect which appeared on the face of the record or pleadings (the
pleadings and the verdict and judgment). See *Code Ann.*
§ 110-703.

In the present situation the question of amendability, prima
facie, does not enter into the picture. The question here is
whether there was an amendment, one in writing, or one result-
ing from failure to object to evidence. *Here the defect aimed
at is not one which needed an amendment to make the verdict
good. The defect is one which the jury fashioned by an incon-
sistent finding.* It is true that a motion for a new trial could
have been made on the general grounds but such is not the
exclusive remedy. It is our opinion that a prima facie case is
made out for arresting a judgment based on an inconsistent and
contradictory verdict by a showing that *upon the face of the
written record* the verdict and judgment are inconsistent and

contradictory and that the burden shifts to the respondent to show by a transcript of the evidence that the petition was amended by the introduction of evidence without objection and that such an amendment in law amounted to one which showed upon the face of the record. There is no presumption that a petition is so amended. The prima facie presumption would be to the contrary. A meaningless or unenforceable verdict can be set aside on a motion in arrest of judgment. *Rollins v. Personal Finance Co.*, 49 Ga. App. 365, 366 (2) (175 SE 609).

Where a petition sets forth a cause of action, as against a motion in arrest of judgment *there is no presumption that the petition was amended otherwise than by a written amendment duly allowed by the court*, and the movant makes out a prima facie case on his motion in arrest when he shows *that there was no written amendment on the face of the record and the respondent has the burden of overcoming the presumption by showing that the petition was in effect amended by the introduction of evidence unobjected to which would have shown the verdict not to be inconsistent and contradictory*. In the cases where motions for new trial have been urged, the rule is different. In those cases the grounds are that a new trial should be granted because of defects not appearing on the face of the record. In these cases there is a presumption that the amendable defects were cured by verdict and the burden is on the movant to show by the transcript or brief of evidence that there was no amendment and the issue would be tried by what the pleadings and evidence showed. If it should appear that the pleadings were not in effect amended, a new trial should be granted. The only difference between the two procedures lies in where the original burden of proof lies. The movant can select any proper procedure he desires. The motion in this case complains of a judgment based on a contradictory and impossible verdict. The complaint is not that there was insufficient evidence to authorize the verdict. Since the finding was in favor of the servant the verdict was contradictory and inconsistent on the face of the record and the error was inherent in the written record. The defect was in the verdict and was one which could not have been amended.

One cogent question should be answered. We think it answers

itself. Where a resident and nonresident of a county are sued as joint tortfeasors in the resident's county and the jury finds in favor of the resident and against the nonresident, why should the nonresident be forced to file a motion for a new trial, where judgment as to the nonresident is void and the last thing he wants is a new trial in a court without jurisdiction of him? We have an analogous situation in this case. *The majority opinion overlooks the distinction between a verdict which is void on the face of the record and one that is not void on the face of the record.* They give a presumption of validity to a verdict which the face of the record shows to be absolutely void. They presume that the unusual and remotely likely thing happened. They presume that the plaintiff's attorney introduced testimony inadmissible under the allegations of the petition and that the defendants' attorneys failed to do their duty and object to such evidence. The majority reverse the whole rationale giving rise to presumptions.

Justice can be completely done in this case by reversing the trial court's judgment and directing that the appellee be given the opportunity of showing by a transcript of the record, if he can, that the petition was in effect amended by the introduction of evidence without objection that the employers were guilty of an independent act of negligence constituting the proximate cause of the injuries complained of.

The general rule is stated in *Barbee v. Barbee,* 201 Ga. 763 (41 SE2d 126), as follows: "It is the general rule of pleading and practice in this State, as to all courts, that relief can not be granted for matter not alleged or prayed for, and that a verdict and judgment which award relief beyond such pleadings and prayer are illegal and subject to be set aside. This general rule is based upon the principle that the court pronounces its decree secundum allegata et probata. See *Code* § 110-101; *Robson v. Harwell,* 6 Ga. 589; *Milner v. Mutual Benefit Building Assn.,* 104 Ga. 101 (30 SE 648); *Griffeth v. Haygood,* 174 Ga. 22, 24 (161 SE 831)." See also *Prescott v. Bennett,* 50 Ga. 267, 273; *Beall v. State,* 21 Ga. App. 73 (94 SE 74); *Dixon v. Mason,* 68 Ga. 478; *Ryner v. Duke,* 205 Ga. 280 (53 SE2d 362). Any decision by this court or the Supreme Court which is in conflict

with the plain terms of *Code* § 110-702 must yield to that Code section.

I am authorized to state that Presiding Judge Bell and Judges Hall and Eberhardt concur in this dissent.